PEOPLE ex rel. WARSCHAUER v. DALTON, Water Com'r. PEOPLE ex rel. THOMPSON v. SAME. PEOPLE ex rel. GOLDSMITH v. SAME.

(Supreme Court, Special Term, New York County. December, 1899.)

MUNICIPAL CORPORATIONS—DISCHARGE OF EMPLOYES—REINSTATEMENT—COMPENSATION.

City employés summarily discharged from civil service positions on being reinstated are entitled to an audit of claims for back pay during the period they were wrongfully prevented from performing their duties, where the application for reinstatement alleged their employment at a salary of a certain sum per diem, and the counter affidavits disputed none of the essential facts alleged.

Applications by the people, on relation of Warschauer, Thompson, and Goldsmith, for mandamus against William Dalton, commissioner of water supply for New York City, for audit of claims for back pay on reinstatement of petitioners to civil service positions. Granted.

For former opinions, see 60 N. Y. Supp. 876, and 65 N. Y. Supp. 342.

Julius M. Mayer, Samuel· H. Ordway, and Samuel Slater, for relators.

Theodore Connoly, for respondent.

BISCHOFF, J.   Upon the settlement of the orders upon motions for peremptory writs of mandamus heretofore granted, the question is presented whether the relators are entitled to a direction that the respondent audit their claims for the amount of their back pay for the period during which they were wrongfully prevented from performing their duties as inspectors of water supply, it being alleged in the petitions that they were originally employed "at a salary of $3 per diem."   By the affidavits submitted on behalf of the respondent upon the motions for the writs none of the essential facts set forth by the relators in their petitions were disputed, the questions raised being confined to the standing of the relators before the court in view of an adjudication against them upon earlier proceedings of a like nature.   No issue of fact was raised upon the motions, and the relators' allegations touching the employment and the nature of the compensation were not alluded to by the respondent's affidavits. The petitions, therefore, disclosed a case of an admitted employment at three dollars per day, and the duration of the employment was to be limited, as a matter of law, only by the act of the respondent in causing the relators' removal within the letter of the protective provisions of the civil service law.   In effect, there was a contract of employment terminable only for cause, and prima facie the refusal of the employer to assign the employé to work while the contract was in force and while the employé stood ready operated as a breach of the contract, for which the damages were to be measured by the agreed daily compensation, in the absence of proof by the employer that the employé was remiss in failing to obtain other employment. Clearly, this would be the rule in the case of any private contract of employment, and no ground of distinction can be found in favor of the employer in a case of municipal employment such as this, either in the duration of the employment, in the nature of the compensation, or in view of any reason of policy which suggests itself to me. It is argued that a per diem compensation must import an employment only of an intermittent nature, but this cannot be the result where the employé is refused employment absolutely during the period of the contract, and seeks to recover his stated pay upon the ground of his continued readiness to perform.   Prima facie, his damages accrued from day to day, and for each secular day during which he stood ready to give consideration for his pay; and, if the employer would have been justified in failing to give him work upon any one or more of these days in the course of the due performance of the contract, the fact would clearly be matter of defense or in mitigation of damages, and thus to be set up by the party in default. The contract alleged by the relators is not attacked, nor is it sought to be modified or explained, by the respondent; and, for the purposes of this litigation, I must view the relators' claim for the breach of that contract to be undisputed either in substance or by matter in

mitigation. If the right to pay depended upon the relators' assignment to work at the pleasure of the respondent, this was a question which could have been tried before a jury, in the usual course, had the allegations of the petitions been disputed, since, with a conflict of allegations, the motion for a peremptory writ would have failed, at least so far, and the question of the amount of back pay justly due could have been tried upon traverse of the return to an alternative writ. Having failed to take issue upon this question of back pay, as raised by the petitions, the respondent has abandoned the adequate means afforded him of litigating the point, which is now sought to be raised for the first time upon the settlement of the orders. I have not overlooked the cases cited to the proposition that day laborers, and others employed by the day, in the municipal service, may not recover back pay for a wrongful removal; but, so far as the matter is presented upon these motions, I do not find these authorities to be necessarily opposed to the views which I have expressed. Authorities are found which, while of equal weight, would appear to be directly at variance with one another upon this question, and I must conclude that, where the court has denied the employé a right to back pay, the facts showing the intermittent nature of the employment were before it. My determination of these motions proceeds upon the sufficiency of the allegations to show prima facie a contract of employment and its breach, and upon familiar principles of law I reach the conclusion that the relators have presented a case which, as against this respondent, discloses their right to back pay as a necessary incident to their reinstatement, and that they are entitled to a direction to the respondent to take such official action as should give them a standing to demand the sum from the city against which they assert (and the respondent has precluded himself from denying) that they have a claim measured by the stated continuous rate of per diem compensation. This assertion of an existing claim solely against the city precludes the contemporaneous existence of a claim for damages against this respondent personally, and, consistently with their allegations, the relators' petitions contain no claim for damages. The respondent is simply asked to perform certain acts deemed by the relators (and, on the record, correctly) to be incidental to the main relief, and the granting of the main and the incidental relief does not result in an award of damages, as such, against any person. The city is not a party to these proceedings, and, if the relators have in fact no claim against it, the present proceedings result in giving them no better rights. The remedy then would be by action against the respondent for the wrongful removal, and so far the amount of compensation due by way of back pay, as bearing upon the question of damages, would be determined by the adjudication in these proceedings. As I have said, however, no damages are sought at this time, and the question whether damages could be recoverable in proceedings for a peremptory writ of mandamus upon the fiction of a false return where there has been no return (People v. President, etc., of Village of Wappinger's Falls, 151 N. Y. 386, 45 N. E. 852) is a matter as to which discussion is as unnecessary as it is unsatisfactory.

Orders signed.