THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD M. GORING, Appellant, *v.* THE PRESIDENT AND BOARD OF TRUSTEES OF THE VILLAGE OF WAPPINGERS FALLS, Respondent.

1. MANDAMUS — AWARD OF DAMAGES.   Section 2088 of the Code of Civil Procedure, providing for an award of the relator's damages in a mandamus proceeding, applies where a final order for a peremptory writ has been obtained in the first instance, without the issuance of an alternative writ, provided the relator elects, at the time of entering such final order, to have his damages awarded in the proceeding.

2. WAIVER OF TIMELY ELECTION TO HAVE DAMAGES AWARDED.   The failure of the relator to elect to have his damages awarded in a mandamus proceeding, at the time of entering his order for a peremptory writ, may be waived by the defendant's thereafter entering into a stipulation for the appointment of a referee to take proofs to enable the court to assess the damages, under which the relator has acted and incurred expense.

*People ex rel. Goring* v. *Wappingers Falls,* 91 Hun, 317, reversed.

(Argued December 14, 1896; decided January 19, 1897.)

Appeal from an order of the General Term of the Supreme Court in the second judicial department, entered December 30, 1895, which affirmed an order of the Special Term denying an application by relator for an assessment of damages against the defendant under section 2088 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*Bernard J. Tinney* for appellant.   Relator was entitled to have his damages assessed in this proceeding. (Code Civ. Pro. §§ 2082, 2088, 2550; 5 Wait's Pr. 592; 7 Am. & Eng. Ency. of Law, 965, 966; 5 Am. & Eng. Ency. of Law, 373; *Town of Mentz* v. *Cook*, 108 N. Y. 504; *People ex rel.* v. *Batchellor*, 53 N. Y. 137; *People ex rel.* v. *Bd. of Suprs. R. Co.*, 28 N. Y. 112; *People ex rel.* v. *M. M. P. Union*, 118 N. Y 109.)

*Frederic Barnard* for respondent.   In this case no final order was or could be made, and, therefore, no damages could be assessed. (Code Civ. Pro. §§ 2082, 2088.)   A municipal corporation whose disbursing officer has once made payment of the compensation given by law to an officer, to one actually in the office, discharging its duties, with color of title, and with his right thereto not determined against him by a competent tribunal, is protected from a second payment. (*Smith* v. *Mayor, etc.*, 37 N. Y. 518; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185; *Terhune* v. *Mayor, etc.*, 88 N. Y. 247; *Dolan* v. *Mayor, etc.*, 68 N. Y. 274; *Demarest* v. *Mayor, etc.*, 74 Hun, 517.)   The assessment of damages under section 2088, Code of Civil Procedure, only applies to cases where an alternative writ of mandamus has been issued, and where there has been a trial by the court with or without a jury. (*People ex rel.* v. *M. M. P. Union*, 118 N. Y. 101; *People ex rel.* v. *Batchellor*, 53 N. Y. 128; *People ex rel.* v. *Bd. of Suprs. R. Co.*, 28 N. Y. 112.)   The final order in this special proceeding was the order made at Special Term and granting the peremptory writ herein.   The order on remittitur, subsequently made, was merely the formal and legal embodiment,

in the shape of an order of the judgment of the Court of Appeals, affirming the final order appealed from. There could not be two final orders in this one special proceeding. (Code Civ. Pro. §§ 1356, 2087.)

Bartlett, J. The relator was elected a police justice at the village election held· in Wappingers Falls on the third Tuesday of March, 1894.

The trustees of the village refused to recognize the relator, whereupon he applied for a peremptory writ of mandamus to compel them to act in the premises as required by law.

The Special Term granted the writ and this court affirmed the order of the General Term, which slightly modified and affirmed the original order. (144 N. Y. 616.)

The relator noticed a motion for April 19th, 1895, on the remittitur of this court for the usual order in the court below and also that he would require his damages to be assessed herein.

On the return day of this motion the attorneys for the respective parties entered into a written stipulation, upon which an order was entered appointing a referee to take proof for the purpose of enabling the court to assess the damages of the relator.

The referee was directed to return the testimony, and upon the filing of his report the motion on the remittitur was to be brought to hearing on a three days' notice.

The relator took his proofs, the motion was brought on for final hearing at Special Term August 9th, 1895, and the court refused to consider the question of damages on the proofs for the. reason that, as a peremptory writ of mandamus was granted in the first instance, there was no "final order," as defined by the Code of Civil Procedure (§ 2082), and that no cause of action to recover damages for a false return existed (§ 2088) which permitted relator to elect to have his damages awarded to him in this proceeding.

It was also held that if the order of the Special Term granting the peremptory writ could be deemed a "final order," it

was too late to assess the damages in this proceeding, as the
relator should have indicated his election to have this done
upon the making and entry of that order.

It is true that the sections of the Code of Civil Pro-
cedure referred to (2082, 2088) contemplate the issuing of
an·alternative writ of mandamus in the first instance and due
proceedings thereunder which result in an order for the per-
emptory writ, but it would be a narrow and unreasonable con-
struction of these provisions to hold that the order granting
the peremptory writ after a litigation in the nature of an
action under section 2082 carries with it greater advantages
or rights than a similar order entered upon motion.

It is the evident intent of the legislature that a relator who
has secured his final order for the peremptory writ ought not
to be driven to his action for damages and subjected to the
delays incident to a second litigation, but if he so elects the
court must award him his damages in the pending proceeding.

The relator, under this construction of section 2088, was
entitled, had he so elected at the time he entered his final
order at Special Term for the peremptory writ on the second
day of June, 1894, to an award of his damages against the
defendants.  It is admitted that the relator failed to avail
himself of this provision in his favor and did not seek to exer-
cise his right of election until he moved for an order on the
remittitur of this court.

We would be inclined to agree with the learned court below,
that it was then too late for the relator to insist upon an assess-
ment of his damages in this proceeding, and that he should
resort to his action, were it not for the stipulation already
referred to which permitted the taking of proofs as to
damages.

The Supreme Court did not refer to this stipulation, and
evidently failed to consider it or give it any weight.

The relator, relying upon the stipulation, postponed the
hearing of his motion upon the remittitur of this court for
nearly four months, and in the interval incurred the expense
of taking his proofs as to damages.

We think this stipulation and the action thereon must be regarded as a waiver on the part of defendants of any right to object to the relator's failure to elect in due season to have his damages awarded in this proceeding.

We agree with the counsel for the defendants that the stipulation ought not to be construed as an admission of the existence of a valid claim for damages. It is, however, an admission that the relator is entitled to have his damages, if any exist, assessed and awarded in this proceeding, and it is the duty of the Special Term to consider the proofs submitted.

The question as to the proper items constituting the damages which relator is entitled to recover in this proceeding, although discussed in the briefs, is not before us on this appeal.

The order appealed from should be reversed, with costs, and this proceeding remitted to the Special Term to assess and award to the relator such damages, if any, as his proofs may warrant.

All concur.

Ordered accordingly.