375 P.2d 130

Mike KOSERIS and Sophia Koseris, husband and wife, Plaintiffs-Appellants,

v.

J. R. SIMPLOT COMPANY, an Idaho corporation, and J. R. Simplot, Defendants-Respondents.

No. 9155.

Supreme Court of Idaho.

Oct. 5, 1962.

1

O. R. Baum, Ben Peterson, and Ruby Y. Brown, Pocatello, for respondents.

Gus Carr Anderson, Pocatello, for appellants.

**SMITH, Chief Justice.**

Appellants, hereinafter designated plaintiffs, instituted this action against respondents, herein sometimes designated defendants or Simplot Company, seeking recovery of monetary damages for alleged injury to their real property, based upon alleged loss of reasonable value of rentals thereof from November 11, 1956, to time of trial at the rate of $500 a month. Plaintiffs' appeal resulted from a judgment of dismissal of their complaint.

The facts of the present cause of action before this Court are essentially as stated in the cause of action involved in Koseris v. J. R. Simplot Company, 82 Idaho 263, 352 P.2d 235, herein sometimes referred to as the first action. The cause of action involved in this appeal is a separate cause filed after, and prior to disposition of the first action.

In the first action, plaintiffs, by their third amended complaint filed October 27, 1956, sought monetary damages of $92,500 for injury allegedly sustained over a period of years to their real property and loss of rental thereof, attributed to smoke, fumes and dust from Simplot's chemical fertilizer plant. Upon commencement of trial of the first action, plaintiffs moved to amend *the prayer* of their third amended complaint so as to seek the additional remedy of injunction, thereby to enjoin Simplot Company from maintaining an alleged nuisance resulting from the production of smoke, fumes and dust, and projection of the same over plaintiffs' property. Defendants' counsel objected on the ground that the action of damages was grounded on alleged permanent injury, whereas injunctive relief would require a basis of temporary injury, and that to allow the amendment would alter plaintiffs' cause of action.

The trial court, in the first action, ruled in favor of plaintiffs and allowed their motion and the amendment to the prayer of their third amended complaint. The question then arose as to whether the jury

should be discharged; thereupon the following interchange took place:

"JUDGE BAUM [defendants' counsel]: Are you going to proceed for damages likewise an *injunction?*

"MR. ANDERSON [plaintiffs' counsel]: As far as damages are concerned in specific amounts, we are not going to offer any proof, just show general damages.

"JUDGE BAUM: Then you are not going to ask The Court to grant any relief as to damages?

"MR. ANDERSON: No money damages.

"THE COURT: I take it then, gentlemen, it will be unnecessary to have jury in this case, is that right?

"MR. CASTERLIN [plaintiffs' counsel]: That is our position.

"THE COURT: Do you agree with that, Judge Baum?

"JUDGE BAUM: If no amendments are hereinafter sought and no matter what the proof may show, if it is understood that the Court cannot and will not award, even a dollars damages, then we have no objection; but if counsel at any time during the trial of this cause, or at the close insists that the Court set damages, then of course we object. It is up to them at this time to advise the Court that no matter what the proof may show, * * * no damages may be awarded.

"THE COURT: Suppose your proof shows the damages?

"JUDGE BAUM: * * * they must amend their complaint to show that they do not ask this Court * * * now to award damages, no matter what the proof may show.

"MR. ANDERSON: We are not going to ask for any award of damages in money.

"JUDGE BAUM: Will you waive, Mr. Anderson, then the right to have this Court grant any award in damages?

"MR. ANDERSON: We have already stated our position and we are not waiving anything.

"JUDGE BAUM: Then we object to the discharging of the Jury, and ask that the Jury pass upon the matter. We must have the issues clarified."

Another extended discussion followed, after which counsel and the Court engaged in this colloquy:

"JUDGE BAUM: * * * The point here is; that suppose Your Honor would say, well, there is a restraining order of some kind, and then they say, well we want to try our dam-

ages, or want another hearing; or we want the Court to pass on it. * * * what I want them to say to this Court is, that the ruling in this Court is conclusive in this case, and no award in money can be made—I am not talking about the proof—

"THE COURT: Well, * * * I think that is what they said; Mr.

Anderson said there will not be proof on the damages, there will be proof on the equity side only; there will be no proof on specific amounts.

"JUDGE BAUM: I am talking about any award by the Court no matter what the proof may show.

"THE COURT: I certainly am not going to pass on the question of any damages in this case, * * *; if this case is tried before me, I am not going to pass on the question of damages.

"JUDGE BAUM: That is my point —* * * if it can be understood that Your Honor's judgment is the only judgment that will be rendered in this case, then I have no objection.

"MR. CASTERLIN: We agree to that."

The court thereupon discharged the jury and proceeded to trial on the injunction issue.

Plaintiffs' amendment to the prayer of their third amended complaint in the first action formed no part of the statement of their cause of action. Dahlquist v. Mattson, 40 Idaho 378, 233 P. 883.

Moreover, I.C., R 5–606, relating to joinder of causes of action, in force at the time plaintiffs filed their first cause of action, did not mandatorially require a joinder of plaintiffs' causes of action, i. e., for damages on the one hand, and for injunctive relief on the other. R 5–606 was permissive in its language; it read: "The plaintiff may unite several causes of action in the same complaint," specifying those causes which may be so united. Other jurisdictions recognize that a plaintiff may sue in the same action to recover damages already sustained, and to enjoin a repetition or continuance of the causes of the damage. Weisshand v. City of Petaluma, 37 Cal.App. 296, 174 P. 955; Twin Lakes Reservoir & Canal Co. v. Sill, 104 Colo. 215, 89 P.2d 1012; Armbruster v. Stanton-Pilger Drainage District, 165 Neb. 459, 86 N.W.2d 56; McKinney v. Deneen, 231 N.C. 540, 58 S.E.2d 107; or that plaintiff may sue to recover damages resulting from a nuisance or procure its abatement. Knox v. Reese, 149 Ga. 379, 100 S.E. 371; Kelley v. Chicago, M. & St. P. Ry. Co., 53 S.D. 405, 220 N.W. 921.

I.R.C.P. Rule 18(a), [identical with the Federal Rule 18(a), 28 U.S.C.A.], relating

to joinder of claims and remedies, in force at the time of trial of the first action, likewise is permissive. "It authorizes free joinder of claims, whether legal, equitable, or both." Moore's Federal Practice, Vol. 3, § 18.04, p. 1208. "The rule does not compel joinder of claims." Barron & Holtzoff, Federal Practice and Procedure, Vol. 2, § 501, p. 68. "It should be noted that Rule 18(a) is permissive, not compulsory; failure to join a claim does not result in merger or bar its assertion in another action." Moore's Federal Practice, Vol. 3, § 18.04, p. 1808.

True, in the first action this Court observed: "After commencement of the trial, respondents waived all claims for damages, which left for decision only the question of injunctive relief." Koseris v. J. R. Simplot Company, 82 Idaho 263, 352 P.2d 235. But in view of the applicable authority, and in the light of plaintiffs' pursuit of injunctive relief only, in the first action, we hold that any waiver on their part extended only to their lack of assertion of a claim for damages in that action, and that such did not constitute a permanent waiver of their right to assert such a claim. Such construction is borne out by the ruling of this Court in the first action which permits Simplot Company to introduce in evidence its offers of proof relating to the rule of comparative injuries of the parties, "as bearing upon the issue whether respondents [Koseris], in seeking injunctive relief, were pursuing the proper remedy;" also, in the light of the mandate in that action that, upon admission in evidence of such offers of proof by Simplot Company, and of plaintiffs' evidence in contravention, the trial court will make findings of fact, conclusions of law, and enter judgment accordingly.

Upon remittitur of the first action, plaintiffs by motion sought to file a fourth amended and supplemental complaint, again praying for an injunction, and for monetary damages for alleged loss of rents from November 1, 1956. The trial court denied that motion on the ground that the mandate of the remittitur was binding and that on the remand plaintiffs could not frame new issues by supplemental pleadings. Plaintiffs next petitioned this Court for permission to file their fourth amended and supplemental complaint, which petition this Court denied by minute entry, without opinion.

Plaintiffs, up to the present time, have not subjected themselves to the mandate of the remittitur in the first action. That action is still pending, and the issue therein required to be decided still remains undecided, i. e., whether plaintiffs in seeking injunctive relief in the first action are pursuing the proper remedy, and which, to be decided by the trial court, may require the taking of further evidence.

Plaintiffs then chose to institute the present action as a separate and independent

cause. They recite in their complaint the same allegations as in their fourth amended and supplemental complaint previously offered and rejected; omitting however the prayer for injunctive relief, leaving only the prayer for monetary damages for alleged loss of rents from November 1, 1956. Simplot Company moved to dismiss the action on grounds, inter alia, of failure of the complaint to state a claim upon which relief could be granted; and that there is another action pending between the parties. The trial court granted the motion without leave to amend and entered judgment accordingly, whereupon plaintiffs appealed.

Plaintiffs brought this present damage action upon the theory of temporary nuisance resulting from the operation of Simplot Company's chemical fertilizer plant. They insist that in the first action on appeal, this Court, by its ruling that evidence may be taken as it may relate to the comparative injury rule, inferentially held that plaintiffs' action was only for a temporary nuisance, inasmuch as such rule does not apply where there has been a permanent injury by a permanent nuisance.

Simplot Company, on the other hand, in effect, urges that since the issues in the previous action are still undecided, plaintiffs' pursuit of damages herein on the theory of temporary injury, allegedly occasioned by the Simplot operation, cannot attain.

It still must be decided in the first action, upon proof submitted, whether plaintiffs are entitled to injunctive relief. Such determination would of necessity be determinative or have bearing upon: First, whether the existing condition or alleged nuisance of which plaintiffs complain, allegedly caused by the Simplot operation, is of a temporary nature thereby to countenance repeated actions for damages to plaintiffs' property if adversely affected; Second, whether the damage occasioned by the Simplot operation has caused permanent damage to plaintiffs' property, thereby to justify denial to plaintiffs of injunctive relief, and to countenance only one action at law for recovery of permanent damage; and Third, whether the application of the rule of comparative injury would warrant denial of equitable relief to plaintiffs though it be found that an alleged nuisance exists, caused by the Simplot operation, of a temporary nature capable of being eradicated by reasonable methods.

It thus becomes clear that plaintiffs' present action is premised upon groundwork as yet undecided in the first action. Likewise premature are plaintiffs' arguments and citations in the present action that the alleged nuisance involved is temporary and not permanent.

The number and variety of complaints filed in the two actions warrant discussion of additional contentions on the part of

plaintiffs as well as discussion of the theories of various causes of action for damages grounded upon nuisance.

We return to plaintiffs' contentions, that the rule of comparative injury has application only to cases of temporary nuisance that can be abated; also, that the mandate of this Court in the first action permitting introduction of evidence as it may relate to the rule of comparative injury constituted an implied adjudication that plaintiffs' action was for relief from a temporary nuisance only.

We point to Annotation, 61 A.L.R. 924, et seq., well supported by case authorities, which does not support the proposition that the comparative injury rule applies only to temporary nuisance. The rule has application: when there is involved the issue whether a preliminary injunction should issue (p. 925); also, when the issuance of a permanent injunction is not a matter of absolute right, but rather, discretionary with the court, (p. 926). The Annotation goes on to say:

"While there is some confusion on the subject, due very largely to the influence of the facts of the particular case, it is a rule established by the weight of authority that, where it is clearly shown that there exists a nuisance which is causing a material, substantial, and irreparable injury to nearby property owners for which there is no adequate remedy at law, the injured person, as a matter of right, is entitled to such injunctive relief as may be necessary to so ameliorate the conditions of which he complains as to give substantive relief therefrom." (61 A.L.R. 927).

The annotation, however, specifies several exceptions to such rule. Thus, even though the right to a permanent injunction would otherwise be absolute, the comparative injury rule may be invoked (1) where there is doubt as to whether a lawful business does in fact constitute a nuisance (p. 930); (2) where the injury to the plaintiff is slight (p. 931); (3) where the alleged nuisance is a lawful business, or benefit to the community, being carried on in a location proper and suitable for such business (p. 931); (4) where public convenience is involved (p. 933); (5) where complainant is seeking to obtain the aid of equity in bad faith (p. 934); and (6) where the complainant has been guilty of laches (p. 934). The annotation points out, however, that there is some division of authority as to these exceptions.

It is clear then, that in the first action, Koseris v. J. R. Simplot Company, supra, the ruling which permits introduction of evidence relating to the comparative injury rule "as bearing upon the issue whether respondents [Koseris], in seeking injunctive relief, were pursuing the proper remedy;" does not necessarily imply an adjudi-

cation that the nuisance is temporary. Moreover, upon further proceedings in the first action, the trial court, in its wisdom, might find and rule that the case comes within one or more of the exceptions, or that the granting or refusal to grant injunctive relief is a matter of judicial discretion and not of right.

Neither does the text of 66 C.J.S. Nuisances § 115, p. 884, support the proposition that an injunction cannot issue where permanent damage has been done, as urged by plaintiffs. That section points out only that, ordinarily, a continuous and recurrent nuisance is ground for injunctive relief; and the next section, 66 C.J.S. Nuisances § 116, sets forth the rule that equitable relief will not be granted where an adequate remedy at law is available. Koseris v. J. R. Simplot Company, supra, does not necessarily imply that defendants' operation has caused permanent damage to plaintiffs; nor does it imply that plaintiffs do not have an adequate remedy at law. Again, those answers are dependent upon the outcome of further proceedings in the first action.

The ruling of Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 52 Idaho 766, 22 P.2d 147, also appears to be sound. Under the rule therein applied in cases where the nuisance is abatable, the character of the injury determines the character of the nuisance. Thus, even though the nuisance is abatable, if the injury is found to be permanent, the nuisance is deemed to be permanent and an action will lie for permanent damages. The ruling of the Court is set forth in the following language:

"There are a great many cases wherein the rule is stated to the effect that, if defendant has damaged plaintiff's property by means of a temporary nuisance, or one which can be abated, recovery for temporary injury only can be had, and the difference in the value of the property before and after the injury is not the proper measure of damages. This rule is based on the theory that abatement of the cause of injury will abate the injury, and it should be applied only in cases wherein this is true. After all, it is the character of the injury, whether temporary or permanent, and not the character of the cause of it, which controls." (52 Idaho 773, 22 P.2d 149).

It is thus clear that an action for recovery of permanent damages may lie in two kinds of cases: (1) As in the Idaho Gold Dredging Corp. case, an action may be instituted for recovery of permanent damages where the injury itself is permanent in character, even though the nuisance be abatable; and (2) an action to recover permanent damages also may lie, where the nuisance is permanent and unabatable. Webb v. Virginia-Carolina Chemical Co., 170 N.C. 662, 87 S.E. 633, L.R.A.1916E, 971;

Ryan v. City of Emmetsburg, 232 Iowa 600, 4 N.W.2d 435; Phillips v. City of Pasadena, 27 Cal.2d 104, 162 P.2d 625; 66 C.J.S. Nuisances § 140, p. 947, or deemed unabatable upon application of the rule of comparative injury. Annot., 61 A.L.R. 924, et seq.

The judgment of the district court is reversed and the cause remanded with instructions to reinstate plaintiffs' complaint, the action then to be held in abeyance until the issues in the first action, (8809–8810), Koseris v. J. R. Simplot Company, 82 Idaho 263, 352 P.2d 235, are resolved; plaintiffs are to be permitted to amend their complaint as they may deem proper. Costs to appellants.

TAYLOR, KNUDSON, McQUADE and McFADDEN, JJ., concur.