575 P.2d 498

**Donald S. HEANEY, Plaintiff-Appellant,**

v.

**BOARD OF TRUSTEES OF GARDEN VALLEY SCHOOL DISTRICT NO. 71, being, Carole Youren, Anna Marie Goller, Paul Shepherd, Rod Draper and Earl Simpson, Defendant-Respondents.**

**No. 12048.**

Supreme Court of Idaho.

March 2, 1978.

---

Roger L. Williams of Schiller, Williams & Trabert, Nampa, for plaintiff-appellant.

William F. Yost of Weeks, Yost, White & Ahrens, Nampa, for defendant-respondents.

BAKES, Justice.

Plaintiff appellant Donald S. Heaney sued defendant respondent Board of Trustees of Garden Valley School District No. 71, seeking damages for the school district's alleged breach of an employment contract.

The trial court granted summary judgment to the school district, holding that Heaney's suit was barred by the final judgment in a previous mandamus action he had brought to require the school district to reinstate him. Heaney has appealed. We reverse.

Garden Valley School District No. 71 contracted to employ Donald Heaney as its superintendent from July 1, 1971, through June 30, 1974. The school district discharged Heaney from that position on March 18, 1974. Contending that his discharge was improper, Heaney petitioned the district court for a writ of mandamus directing the school district to reinstate him or in the alternative to show cause why it should not by "fil[ing] an answer consisting of the record of proceedings had at the hearing" that resulted in the discharge so that the court could determine whether the discharge was improper. Heaney's petition asked that the court review the record, set aside Heaney's discharge, and grant him "such other and further relief as he is entitled [to] under the law, including but not limited to reinstatement." The court issued the requested alternative writ on the day Heaney sought it, June 25, 1974, but thereafter quashed the writ on November 6, 1974, and granted summary judgment to the school district. The court reasoned that a school superintendent was not a "teacher" entitled to automatic renewal of his employment contract under I.C. § 33–1212, *see generally Gardner v. Hollifield*, 96 Idaho 609, 533 P.2d 730 (1975), and since Heaney's contract had expired June 30, 1974, shortly after his mandamus suit was filed, his suit for reinstatement had become moot. The court noted, however, that mandamus was the appropriate method for obtaining the relief Heaney had sought and that its judgment was "on the merits of the case." Heaney did not appeal from the final judgment entered against him.

On January 7, 1975, Heaney brought a separate action against the school district for damages attributable to the district's alleged breach of contract. The school district contended that the final judgment in Heaney's earlier mandamus action barred

his suit for damages. Finding that Heaney's claims for reinstatement and damages arose from the same cause of action for wrongful termination of his employment, the trial court concluded that the damage suit was precluded by the prior mandamus action and granted summary judgment to the school district.

The question before us on appeal is whether Heaney's action claiming damages for breach of contract is barred by the final judgment in his earlier mandamus proceeding. We hold that Heaney's separate action for damages is not barred.

 It is well to note at the outset that although a judgment in a mandamus action is certainly *res judicata* as to issues actually adjudicated in that action, *Lawrence v. Corbeille*, 32 Idaho 114, 178 P. 834 (1919), this rule does not necessarily require us to hold that Heaney's subsequent action for damages was barred by the final judgment in his earlier mandamus action. The issues presented by Heaney's damage suit are distinct from the question answered in the earlier mandamus action. In reaching its conclusion that Heaney was not entitled to reinstatement, the trial court in the mandamus proceeding determined only that he was not tenured and consequently had no continuing contractual right to serve as the school district's superintendent. However, unlike his right to reinstatement, Heaney's right to damages does not turn upon whether he acquired tenure, but rather upon other matters such as whether the school district wrongfully discharged him and any damages suffered as the result of a wrongful discharge. The trial court in the mandamus action did not address those questions. Nor did Heaney necessarily tender them by including in the prayer for relief "such other and further relief as he is entitled [to] under the law, including but not limited to reinstatement." Heaney's petition for the writ of mandamus did not include any allegations regarding damages, nor does the record suggest that Heaney asserted any claim respecting damages in response to the school district's motion for summary judgment in the mandamus pro-ceedings. Therefore the trial court had no occasion to consider whether any other relief than mandamus might be appropriate.

Yet even though the parties did not litigate in Heaney's mandamus action the issues he now tenders in his damage suit, still the doctrine of *res judicata* could preclude them. "[T]he former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." *Joyce v. Murphy Land & Irrigation Co.*, 35 Idaho 549, 553, 208 P. 241, 242–243 (1922). The question, then, is whether Heaney's claim for damages is a "matter which *might* and *should* have been litigated" as part of or in conjunction with his earlier mandamus action.

 It is clear that Heaney had the opportunity to combine his demands for reinstatement and damages in one action. Under I.R.C.P. 18(a), "a party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party." I.R.C.P. 74(d) specifically directs that after a trial in a mandamus action, "the court shall enter its decision and judgment granting or denying a peremptory writ together with a determination of damages, if applicable." Similarly, I.C. § 7–312 provides that a successful applicant for a writ of mandate "may recover damages which he has sustained." Although these several provisions clearly contemplate that a litigant *may* combine a claim for damages with a petition for a writ of mandamus, they do not indicate unequivocally that the damage and mandamus proceedings *must* be so consolidated.

The question of what must be litigated in a given action—that is, the question of how extensive the merger or bar effects of a final judgment rendered in that action should be—is essentially a question of policy. The policy expressed by the doctrine of *res judicata* is that litigation which is repetitious or which is inefficient by virtue of needless fragmentation should not be toler-

ated because it unnecessarily burdens both the judicial system and the party who must respond. *See* 2 A. Freeman, Law of Judgments § 626 (5th ed. 1925); Restatement of Judgments § 62, Comment a (1942). Against this policy must be weighed society's interest in providing a forum for the just and responsive adjudication of every aggrieved party's claim. In the case now before us we must evaluate these competing policies as they apply to a judgment arising from a mandamus proceeding.

Ordinarily, efficiency requires that all claims to relief based upon the same underlying transaction be pursued in a single action. This is because matters common to the several components of the action need be addressed only once, rather than several times in greater or lesser detail. However, sometimes a single trial covering all aspects of the case will be neither desirable nor feasible. Evidence bearing upon one aspect of a case may be unduly prejudicial with respect to another. Or certain matters may be ripe for trial while consideration of others would be premature. In such cases, the trial court may order separate trials pursuant to I.R.C.P. 42(b).[1] When this occurs, the fact that the separately tried aspects of the case are joined as a matter of pleading does not contribute substantially to the cause of efficiency. As a practical matter, the litigation has become fragmented, and some efficiency will almost certainly be lost. However, the loss is tolerated because the fragmentation is necessary in order to serve the ends of justice.

The scenario of separate trials just sketched is one that would occur often where mandamus and damages are concerned. Mandamus is a summary and expeditious writ to compel performance of an established duty, *see* 52 Am.Jr.2d *Mandamus* § 4 (1970), and the party seeking it may well regard the immediacy of its availability as one of its primary virtues. The basis for seeking mandamus—that is, default in the performance of a duty—commonly will be apparent long before the fact and amount of damages can be established. It is likely that the aggrieved party will not wish to delay the decision on the issuance of the coercive writ until the issues relevant only to a damage claim can be tried. Consequently, if we required that every claim for damages be joined with the petition for the writ of mandamus regarding the same transaction, the trial courts would very often be required to grant a request that the mandamus and damage aspects of the case be tried separately under I.R.C.P. 42(b).[2] Where this justifiable division occurred, the burden borne by the judicial system and the responding party would be substantially the same as if two separate actions had been brought. Thus, by requiring joinder, we would, in many cases produce nothing more than a paper difference in the conduct of the litigation.

Accordingly, we hold that while Heaney had the right to join a claim for damages with a petition for writ of mandamus, he did not forfeit his claim for damages by failing to so combine it. Therefore, notwithstanding the final judgment in Heaney's earlier mandamus suit, he may maintain this separate action for damages.

Our conclusion is supported by the recent decision of *Green v. Gough*, 96 Idaho 927, 539 P.2d 280 (1975), and by *Gaige v. City of*

---

1. I.R.C.P. 42(b) provides:

 "RULE 42(b). Separate trials.—The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Constitutions, statutes or rules of the court."

2. A mandamus petition filed originally in this Court would of necessity have to be separated from any damage claim. This Court could not try the factual damage issue, although conceivably the damage issue could be referred to a special master to make recommended findings to this Court. However, such a procedure would not satisfy the right to a jury trial guaranteed by Art. 1, § 7, Idaho Constitution, and thus, except in the most unusual circumstances, would not be an acceptable remedy for a damage claim asserted in a mandamus proceeding before this Court.

*Boise*, 91 Idaho 481, 425 P.2d 52 (1967). *Cf. Koseris v. J. R. Simplot Co.*, 85 Idaho 1, 375 P.2d 130 (1962) (pending injunction proceeding did not preclude separate claim for damages arising after injunction action commenced). *But cf. Ramseyer v. Ramseyer*, 98 Idaho 554, 569 P.2d 358 (1977) (judgment denying judicial dissolution of partnership and upholding prior voluntary division of assets effectively quieted title to certain land in defendants and precluded plaintiff's subsequent action to quiet title to, partition and recover mesne profits from same realty). Further support is found in decisions elsewhere holding that a final judgment in a mandamus proceeding does not preclude a separate action for damages. *See Gardner v. Springfield Gas & Electric Co.*, 154 Mo.App. 666, 135 S.W. 1023 (Mo.Ct. App.1911); *People ex rel. Goring v. President of Wappinger's Falls*, 151 N.Y. 386, 45 N.E. 852 (1897). Though there is contrary authority, *see Braine v. Stroud*, 385 P.2d 428 (Okl.1963); *Achey v. Creech*, 21 Wash. 319, 58 P. 208 (Wash.1899), we do not find it persuasive.

Judgment reversed. Costs to appellant.

McFADDEN, DONALDSON and BIST-LINE, JJ., concur.

SHEPARD, Chief Justice, dissenting.

I regret that I am unable to concur with the majority opinion. As is fairly indicated by the opinion other jurisdictions are split as to the law which should be applied to the facts of the instant case. Admittedly, those authorities are persuasive only. I must come down on the side which postulates the need for expeditious handling and finality of litigation.

This litigation started nearly four years ago on June 25, 1974. The sole question involved is whether the school district wrongfully breached the employment contract when it discharged Heaney on March 18, 1974. Regardless of which remedy Heaney may have sought, the legal issue remained as above stated.

The doctrine of res judicata is designed to prevent litigation which is repetitious or which is inefficient because of needless fragmentation which unnecessarily burdens both the judicial system and the party who must respond. *See* 2 A. Freeman, A Treatise of the Law of Judgments § 626 (5th rev. ed. 1925); Restatement of Judgments § 62, Comment a (1942). As stated in *Ramseyer v. Ramseyer*, 98 Idaho 554, 569 P.2d 358 (1977), "The law of *res judicata* now reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so." *Id.* at 556, 569 P.2d at 360, *quoting* Restatement (Second) of Judgments § 61, Comment a (Tent. Draft No. 1, 1973).

An action is barred if a valid judgment has been rendered in favor of the same defendant in a previous action on the same claim. Restatement (Second) of Judgments § 48 (Tent. Draft No. 1, 1973). As stated in *Joyce v. Murphy Land & Irr. Co.*, 35 Idaho 549, 553, 208 P. 241, 242–43 (1922),

"[T]he former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter *which might and should have been litigated in the first suit.*" [Emphasis supplied.]

The sameness of the claim in the first as contrasted with the second action is determined by examining the transaction or operative facts underlying the two suits. As stated in Restatement (Second) of Judgments § 61 Comment a (Tent. Draft No. 1, 1973):

"The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or *variant forms of* relief flowing from those theories, that may be available to the plaintiff * * *. The transaction is the basis of the litigative unit or entity which may not be split."

What factual grouping constitutes a "transaction" is to be determined pragmatically giving weight to such considerations as to whether the facts are related "in time, space, origin or motivation, and whether, taken together, they form a convenient"

trial unit, and whether their treatment as a unit conforms to the party's expectations or business understanding or usage. Comment b to § 61.

In the instant case, although the trial court disposed of the mandamus action on the basis that Heaney was not tenured and thus did not address the contract questions involved in wrongful breach or damages, nevertheless, Heaney had the opportunity to litigate all of these issues within his first action, I.R.C.P. 18(a), and I would hold that he was required to do so or forfeit his contract claim under the doctrine of res judicata.

It is clear to me that Heaney's claims both for reinstatement and for damages stem from the identical underlying transaction and operational facts. He had a contract with the school district which he alleges the district breached by its wrongful dismissal of him. In my judgment, reinstatement and damages are merely complementary methods for remedying the same alleged wrong.

It is argued that *Koseris v. J. R. Simplot Co.*, 85 Idaho 1, 375 P.2d 130 (1962), militates in favor of Heaney. I disagree. The opinion of the Court in *Koseris* makes clear that it was dependent upon two factors; the first action remained pending and plaintiff's right to damages was dependent in part on whether the nuisance was of a temporary nature which would thereby "countenance repeated actions for damages." *Id.* at 7, 375 P.2d at 133.

By contrast, when an employer breaches an employment contract by wrongfully discharging the employee, there accrues but one claim for all that is due under the contract including that portion coming due after the action is filed. *See* D. Dobbs, Handbook on the Law of Remedies § 12.25 (1973). In my judgment, the facts of the instant matter indicate the existence of only a single "claim" resulting from the alleged wrongful termination of employment. Although such "claim" might give rise to more than one form of remedy, nevertheless, that single claim should be litigated in a single action and in my judgment permitting multiple actions, as here, violates the policy underlying the doctrine of res judicata. If separation of the issues became desirable, i. e., because of the necessity of a jury trial on damages, I.R.C.P. 42(b) provides the necessary flexibility.

I would affirm the action of the trial court in entering summary judgment.