813 P.2d 902

**UNIVERSITY OF UTAH HOSPITAL and Jesus Villagomez, Plaintiffs–Appellants,**

v.

**MINIDOKA COUNTY, Clerk of Board of County Commissioners of Minidoka County and Minidoka County Board of Commissioners, Defendants–Respondents.**

**UNIVERSITY OF UTAH HOSPITAL and Ronald Heward and Pamela Heward, Plaintiffs–Appellants,**

v.

**MINIDOKA COUNTY, Clerk of Board of County Commissioners of Minidoka County and Minidoka County Board of Commissioners, Defendants–Respondents.**

No. 18127.

Supreme Court of Idaho,
Twin Falls, March 1991 Term.

July 8, 1991.

Dean Williams, Blackfoot, for plaintiffs-appellants.

Creason, Creason & Bollar, Rupert, for defendants-respondents. Charles H. Creason, argued.

## ON REHEARING

1990 Opinion No. 116, filed August 13, 1990, is hereby withdrawn and this opinion is substituted therefor.

BOYLE, Justice.

These consolidated cases involve applications filed by the University of Utah Hospital pursuant to the Idaho Medical Indigency Act, Idaho Code tit. 31, ch. 35. We are called upon to determine whether the hospital is entitled to hearings on its claims as provided in I.C. § 31–3505.

### I.

### *Facts and Proceedings Below*

*The Heward Claim:* Pamela Heward was admitted to the University of Utah Hospital in Salt Lake City, Utah, for emergency medical treatment on September 16, 1982. The hospital recovered only a portion of its billing prior to being advised that the Hewards had filed a Chapter 7 bankruptcy petition. Thereafter, the hospital filed an application for medical indigency assistance with Minidoka County on February 22, 1984, which was denied on March 13, 1984, on the grounds that it was untimely filed.

*The Villagomez Claim:* Jesus Villagomez was seriously injured in an accident and was admitted to the University of Utah Hospital on September 21, 1983. The hospital filed an application for medical indigency assistance with Minidoka County on November 16, 1983, and that application was also denied.

The hospital filed suit in the district court seeking payment from the county for the medical bills incurred by Villagomez and Heward. The district court dismissed both cases on the grounds that the hospital had failed to exhaust its administrative remedies by failing to request a hearing before the board of county commissioners.[1]

---

1. In the original clerk's record before us on appeal there is no record of a petition for hear-

On appeal this Court affirmed the district court decision on the basis that the hospital had failed to exhaust all administrative remedies and was not entitled to judicial review based on the state of the record at that time. *See University of Utah Hosp. v. Minidoka County (Heward),* 115 Idaho 406, 767 P.2d 249 (1989); *University of Utah Hosp. v. Minidoka County (Villagomez),* 115 Idaho 409, 767 P.2d 252 (1989).

Following our decisions in *Heward* and *Villagomez,* the hospital filed petitions on February 2, 1989, requesting hearings before the Minidoka County commissioners. The commissioners denied the hospital's requests for hearings in nearly identical orders dated February 27, 1989. Subsequently, the hospital filed an application for a writ of mandamus with this Court seeking an order requiring the commissioners to hold hearings in both cases. The application for writs of mandamus were denied by this Court on May 11, 1989, and the cases were remanded. Following denial of the writs, the hospital returned to the district court and filed a "Petition to Compel Hearing" requesting that the district court order the commissioners to hold hearings on the two applications. The district court denied the petition on the basis that the hospital had failed to establish any factual record and held that this Court's denial of the petitions for writs of mandamus were in effect denials of the relief requested. These cases were once again appealed from the district court and are now before us in this consolidated case.

Although this appeal involves two separate cases, the following significant dates are common to each case and summarize the action taken in the prior proceedings.

January 18, 1989 Supreme Court opinions issued in *Heward* and *Villagomez*

February 2, 1989 Hospital requests hearings

February 27, 1989 County denies hearing requests

March 14, 1989 Application for writ of mandamus filed with Supreme Court

May 11, 1989 Application for writs denied by Supreme Court

May 19, 1989 Petition to compel hearing filed in district court

May 30, 1989 District court denies request for hearing

## II.

### *Opportunity For Hearing*

Idaho Code § 31–3505 sets forth the procedure to be followed in a medical indigency application:

If the board of county commissioners fails to act upon an application within sixty (60) days from the receipt of said application, it shall notify the applicant in writing, or upon its failure to give notice within said time, the application shall be deemed approved, and the applicant entitled to payment as if said application had been approved.

*If the application is denied, the applicant may request a hearing before the board of county commissioners.* The applicant shall be entitled to judicial review of the decision of the board, in substantially the manner provided in the administrative procedures act....

(Emphasis added.)

Idaho Code § 31–3505 provides that an applicant has an opportunity to request a hearing if its application is denied and specifically directs that the provisions of the Administrative Procedure Act apply in the event of judicial review. The Act provides that "[i]n a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice ..." I.C. § 67–5209. A "contested case" is defined by the Act as a proceeding in which a party's legal rights are determined after an opportunity for hearing, I.C. § 67–5201(2), and that an "[o]pportunity shall be afforded all parties to respond and present evidence and argu-

---

ing being filed with the board of county commissioners. However, in the February 27, 1989 orders, the board of county commissioners specifically noted that a petition and request for

hearing had been filed on December 28, 1984. *See* Orders, p. 1, Finding of Fact 3. (Clerk's Tr., Vol. 2, pp. 9, 20).

ment on all issues involved." Idaho Code § 67–5209(c).

Furthermore, I.C. § 67–5211 states in pertinent part:

When in a *contested case* a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and *present briefs* and *oral arguments* to the officials who are to render the decision.

(Emphasis added.)

 In the present case the board of county commissioners asserts that because this Court denied the hospital's petitions for writ of mandamus in *Heward* and *Villagomez*, those decisions constitute an adjudication on the merits and are res judicata. *See Heaney v. Board of Trustees of Garden Valley School Dist. No. 71,* 98 Idaho 900, 575 P.2d 498 (1978). While the rule stated in *Heaney* is generally correct, it must be remembered that a writ of mandamus should not be issued when an alternative remedy at law exists. *See* I.C. § 7–303; *Idaho Falls Redevelopment Agency v. Countryman,* 118 Idaho 43, 794 P.2d 632 (1990); *Aker v. Aker,* 51 Idaho 555, 8 P.2d 777 (1932); *Beem v. Davis,* 31 Idaho 730, 175 P. 959 (1918). Our denial of the petitions for writ of mandamus in *Heward* and *Villagomez* did not address the

merits of the cases, nor did our rulings in those cases make any determination as to whether or not the hospital was entitled to a hearing on its applications. Our rulings on the hospital's requests for a writ of mandamus in *Heward* and *Villagomez* did not constitute an adjudication on the merits of the applications for assistance and thus are not res judicata.

Although the February 27, 1989 order of the board of county commissioners ruling that the hospital was not entitled to a hearing was in writing and contained findings of fact and conclusions of law as required by I.C. § 67–5212,[2] those findings were limited to the issue of the timeliness of the hospital's filing a request for hearing. The order states:

By virtue of the foregoing, it is the order of the Board of County Commissioners of Minidoka County, Idaho, that the petition for hearing in the above-entitled matter be denied by reason of the fact that said petition was not timely filed as required by Minidoka County Indigent Guidelines (Exhibit 84–6, April 23, 1984), and pursuant to the Administrative Procedures Act, in that the denial of the application for indigent aid became final thirty (30) days after its issuance as a result of no timely hearing having been requested and by operation of the Idaho Administrative Procedures Act.

Idaho Code § 31–3505 does not place any time requirements within which an applicant must request a hearing after denial of its application.[3] Therefore, as provided in

---

**2.** The order denying the hospital's request for a hearing before the board of county commissioners contained the following findings of fact relating to the timeliness of the request:

1. Petitioner's application for indigent assistance was made and received by the Board of County Commissioners for Minidoka County, Idaho on the 16th day of November, 1983.
2. A denial of said application was issued by the Board of County Commissioners on the 18th day of November, 1983, and mailed December 18, 1983.
3. A petition for hearing upon such denial was filed with the Board of County Commissioners on the 28th day of December, 1984.
4. The request for hearing was denied on the 14th day of January, 1985.

5. A subsequent petition for hearing was filed with the Board of County Commissioners on the 3rd day of February, 1989.

**3.** In both *Heward* and *Villagomez,* special concurrences observed that although the hospital had not exhausted its administrative remedies it was not without a remedy.

That does not necessarily mean that the hospital is without a remedy in this case. I.C. § 31–3505 does not appear to put any deadline upon an applicant's request for a hearing after his application has originally been denied by the board of county commissioners. Even though the notice of denial sent by the county states that "you may request a hearing before the Minidoka County Board of Commissioners within thirty days," that limitation does not appear in I.C. § 31–3505, the section

I.C. § 31–3505, we must look to the Administrative Procedure Act to determine whether any time limitations within which to request a hearing apply in this instant appeal. Idaho Code § 67–5215(a) and (b) sets forth the procedure to be followed in judicial review of an administrative agency final decision.

(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency other than the industrial commission or the public utilities commission is entitled to judicial review under this act. This section does not limit utilization of or the scope of judicial review available under other means of review, redress or relief provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

(b) Except when otherwise provided by law, proceedings for review are instituted by filing a petition in the district court of either the county in which the hearing was had or the county in which the final decision of the agency was made, within 30 days after the service of the final decision of the agency or, if a rehearing is requested within 30 days after the decision thereon.

■ As noted in *Heward* and *Villagomez,* the thirty-day filing deadline in I.C. § 67–5215(b) applies to the period of time allowed for filing a petition for judicial review in district court after a final decision of the administrative agency and does not apply to limit the time within which to request a hearing before the board of county commissioners. 115 Idaho at 409, 767 P.2d at 250; 115 Idaho at 411, 767 P.2d at 254.

■ In the instant action the board of county commissioners erroneously concluded that the hospital's petitions for hearing should be denied based upon the Minidoka County indigent guidelines and its mistaken application of the provisions of the Administrative Procedure Act requirements. The Act does not impose a thirty-day time limit within which an application or request for a hearing before the board of county commissioners must be filed.[4]

The county acknowledged at oral argument that at the time the notice denying the hospital's applications was given no ordinance existed or had been enacted to formally adopt the purported guidelines. Although the legislature clearly provided that a petition for judicial review to the district court must be filed within thirty days after an administrative agency's final decision, I.C. § 67–5215, both the Administrative Procedure Act and the Medical Indigency Act make no provision as to the time within which a hospital, health care provider or applicant for assistance must request a hearing before the board of commissioners after its application for medical indigency assistance has been denied. In the absence of a county ordinance adopting the guidelines, or any guidance or direction from the legislature as to the time within which a request for hearing must be made after denial of the application, we conclude that the legislature did not intend to set a

---

which establishes the time deadlines for filing applications and requesting hearings. [footnote omitted] The question of whether or not there is a statutory time deadline for requesting a hearing before the board of county commissioners was not an issue in this case and has not been briefed or argued by the parties. If, after our affirmance of the district court's dismissal of the appellant's complaint becomes final, and the appellant hospital chooses to file a request for hearing with the Board of County Commissioners of Minidoka County, that issue will then be ripe for decision.
*Heward,* 115 Idaho at 409, 767 P.2d at 252; *Villagomez,* 115 Idaho at 411, 767 P.2d at 254.

**4.** Concurring opinions in *Heward* and *Villagomez,* in which two other justices concurred, provides:

There is a 30-day filing deadline in I.C. § 67–5215(b) of the Administrative Procedures Act for filing a petition for judicial review in the district court after a "final decision" of the administrative agency. However, that applies to the filing of a petition for review in the district court, not a request for hearing before the board of county commissioners. Furthermore, there has been no such "final decision" in this case, and therefore that subsection is not even applicable. 115 Idaho at 409 n. 1, 767 P.2d at 252 n. 1; 115 Idaho at 411 n. 1, 767 P.2d at 254 n. 1.

specific time limit within which a request for hearing must be made.

In *Grover v. Idaho Pub. Utils. Comm'n*, 83 Idaho 351, 364 P.2d 167 (1961), this Court held that in the absence of statutory limitations a request for a hearing will be considered to be timely unless barred by specifically allowed administrative procedure, laches, estoppel or waiver. In this instant case it is clear that the county's guidelines do not constitute controlling administrative procedures because they were neither enacted as a county ordinance at the time the board of commissioners gave the initial notice to the hospital denying its applications, nor were the guidelines adopted pursuant to the rule making authority of the Administrative Procedure Act. Therefore, the county guidelines are not applicable nor controlling in these proceedings.

### III.

#### Conclusion

A careful reading of the provisions of I.C. § 67–5215 clearly leads to the conclusion that the statute contemplates and requires a "final decision" in a "contested case" prior to implementation of the thirty-day time requirement for seeking judicial review. Further, the board of commissioners' February 27, 1989 order was simply a denial of the hospital's request for a hearing. Although an application for medical indigency assistance was filed pursuant to I.C. § 31–3504, there had never been a "contested case" or a "final decision" as contemplated by I.C. § 67–5215. We are aware of the unusual and protracted proceedings which followed the initial filing of an application by the hospital, however, a careful study of the records of all of the appeals and proceedings in these cases reveal that there has never been a determination by the board of county commissioners that constitutes a "final decision" in a "contested case" wherein the merits of the applications for payment of medical services have been directly addressed and resolved. Inasmuch as I.C. § 31–3505 does not provide any time limitation or deadline upon an applicant's request for a hearing after deni-

al of its application, and considering that I.C. § 67–5215(b) expressly provides that there be a "final decision" in a "contested case" before the thirty-day time requirement within which to seek judicial review is imposed, we hold that the hospital is entitled to a hearing on its applications as requested on December 28, 1984.

Accordingly, we reverse and remand to the district court for entry of an order requiring the board of commissioners to hold hearings on the applications for medical indigency assistance filed by the hospital.

### IV.

#### Attorney Fees

Both parties have requested an award of attorney fees on appeal. After a careful review of the record we conclude that an award of attorney fees on appeal would be inappropriate and are hereby denied.

Costs to appellants.

BAKES, C.J., and BISTLINE and McDEVITT, JJ., concur.

JOHNSON, Justice, dissenting.

I respectfully dissent from the Court's opinion. In my view, I.C. § 67–5209(a) is controlling. This statute provides: "In a contested case, all parties shall be afforded an opportunity for hearing *after reasonable notice.*" (Emphasis added). I would hold that thirty days is reasonable notice and affirm.