**PEOPLE OF the STATE OF ILLINOIS et al., Plaintiffs,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 73 C 59.**

United States District Court,
N. D. Illinois, E. D.

Dec. 14, 1973.

William J. Scott, Chicago, Ill., Thomas C. McCracken, Geneva, Ill., L. Vernon Frye, Sterling, Ill., Edward A. Jones, Dixon, Ill., Donald E. Blodgett, Rock Falls, Ill., Gordon P. MacDougall, Washington, D. C., for plaintiffs.

Mayer, Brown & Platt, Chicago, Ill., William F. Cottrell, Christopher A. Mills, Chicago, Ill., for Chicago and Northwestern Transp. Co.

Hanford O'Hara, I. C. C., Washington, D. C., Harold H. Titus, Jr., U. S. Atty., for the I. C. C.

Before SPRECHER, Circuit Judge, and PARSONS and MAROVITZ, District Judges.

## MEMORANDUM OPINION

PER CURIAM.

### I.

This action is brought by the Attorney General of Illinois, four communities, and the Illinois Legislative Director of the United Transportation Union, to set aside an order of the Interstate Commerce Commission (Division Three), entered April 30, 1971 (served May 11). This order dismissed an investigation previously instituted by the Commission, which investigation concerned the proposed discontinuance of a pair of passenger trains operated by Chicago & North Western Transportation Company (CNW) between Clinton, Ia. and Chicago, Ill. The Commission proceeding was entitled Finance Docket No. 26256, Chicago and North Western Railway Company Discontinuance of Trains Nos. 1, 2, and 11 and 12 between Chicago, Ill., and Clinton, Iowa. Petitions for reconsideration were denied September 24, 1971 (served October 15) by Division Three, acting as an Appellate Division.

The trains were discontinued April 30, 1971, after a single-judge of this court declined to enter a temporary restraining order or a preliminary injunction. (Civil No. 71 C 1009, Marovitz, J.)

### II.

The underlying issue is whether these trains provide intercity rail passenger service or commuter and/or other short-haul service. 45 U.S.C. § 502. Plaintiff contends that the trains provide. commuter or short-haul service under the Rail Passenger Service Act of 1970 and, therefore, cannot be discontinued without prior approval of the state or federal commerce commission. CNW contends that the trains provide intercity service under the new act and, therefore, may be discontinued pursuant to the provisions of that statute, 45 U.S.C. § 561, with which provisions defendant is in compliance.

The definition of intercity rail passenger service is set forth in 45 U.S.C. § 502(5):

"all rail passenger service other than (A) commuter and other short-haul service in metropolitan and suburban areas, usually characterized by reduced fare, multiple-ride and commutation tickets, and by morning and evening peak period operations . . . ."

Commuter and other short-haul service is further characterized by frequent stops at short intervals within certain areas, equipment consisting of little more than ordinary coaches, and a mileage limitation of approximately 100 miles. Penn Central Transportation Company Discontinuance, 338 ICC 318, 325–26 (Feb. 10, 1971). Division 3 has indicated by its order that the principal characteristics of Trains 1, 2, 11, and 12 are "not such as would bring them under the 'non-intercity' exclusion of Section 102(5), Rail Passenger Service Act, and that, therefore, they may be discontinued in accordance with the provisions of the said Act . . . ."

### III.

The sole issue presently before the court is whether the order of April 30, 1971, entered by Division III, and which dismisses the Commission's investigation upon a finding that the principal characteristics of the service provided by the trains are not such as to bring them under the "non-intercity" exclusion of section 102(5)(A), must be set aside for insufficient findings and for absence of a report.

Plaintiffs argue that the I.C.C. order under discussion fails to meet the requirements of 5 U.S.C. § 557(c)(3)(A) that all decisions shall include a statement of findings and conclusions on all the material issues of fact, law, or discretion presented on the record, and that this reviewing court should therefore set aside the agency action for failure to observe the procedure required by law. 5 U.S.C. § 706(2)(D). The underlying evidence which supports the Division 3 order is not under attack; it is the contention of plaintiffs that an exploration of the evidence would be improper, because the Administrative Procedure Act requires the necessary *findings*, and it is these findings—here allegedly insufficient—which must be supported by substantial evidence.

■■ We disagree that the Commission's findings are inadequate. Before one can make determinations as to adequacy, one must answer the foundation question, "Adequate to accomplish what purpose?" The Congressional policy in setting forth the requirements of 5 U.S. C. § 557(c)(3)(A) that findings be set forth would seem at least fourfold: (1) to prevent arbitrary and capricious decisions in a manner violative of due process, (2) as an explanation to the parties involved as to the basis for the decision, (3) to give guidance to parties similarly situated, and (4) to provide a basis for judicial review by the courts. This court finds the Commission report sufficient in all respects, particularly in view of the large amount of underlying evidence, the persuasiveness and quantity of which perhaps account for the unelaborated report of the final conclusion.

■ Admittedly, the final Division order is brief. But one should consider that during the first few months of the new Amtrak Statute, the Commission had before it a number of pending discontinuance proceedings, concerning which some decision had to be made within a very short time as to the intercity status of the various trains involved. The parties were initially invited to respond on this question by order dated December 31, 1970. The Commission then developed guidelines in one proceeding—Penn Central Transportation Co. Discon. or Change in Service, 338 I.C.C. 318—which could be used in future proceedings. Finally, once the Amtrak discontinuances were very close to becoming effective, the Commission issued its order of April 30, 1971, finding that various trains were intercity in nature, and that the corresponding § 13a proceedings should be dismissed. This is not to imply that the Commission, merely because of a heavy schedule, may abdicate its responsibility under law

with regard to its administrative duties, but nor should brevity be condemned when concision will serve as well as verbosity.

When a similar problem was posed before the Supreme Court in Alabama G. S. R. Co. v. United States, 340 U.S. 216, 71 S.Ct. 264, 95 L.Ed. 225, it looked to see that the essential basis of the Commission's judgment was sufficiently disclosed in its report. *Id.* at 228, 71 S.Ct. at 272. The Court said further:

> And the basic findings essential to the validity of a given order will vary with the statutory authority invoked and the context of the situation presented. E. g., United States v. Pierce Auto Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; State of North Carolina v. United States, 325 U.S. 507, 65 S.Ct. 1260, 89 L.Ed. 1760; City of Yonkers v. United States, 320 U.S. 685, 64 S.Ct. 327, 88 L.Ed. 400; United States v. Carolina Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971. Here the Commission found, in conformity to the statute invoked . . . "the report, read as a whole, sufficiently expresses the conclusion of the Commission, based upon supporting data . . . ." United States v. Louisiana, 290 U.S. 70, 80, 54 S.Ct. 28, 33, 78 L.Ed. 181. Enough has been "put of record to enable us to perform the limited task which is ours." Eastern-Central Ass'n v. United States, 321 U.S. 194, 212, 64 S.Ct. 499, 508, 88 L. Ed. 668.

So it is in this situation. The order of April 30, 1971, makes actual reference to Section 102(5) of the Amtrak Statute, and impliedly refers to the Penn Central guidelines. Further, we are reminded that this court, in denying a temporary restraining order in People of the State of Illinois v. Chicago & N. W. Ry. Co., Civil Action No. 71 C 1009, per Marovitz, J., reached the conclusion, independently of the I.C.C., that plaintiff failed to show a probability for success on the merits of the intercity-commuter issue. We said then:

Moreover, the extensive documentation provided by the CNW with respect to the Iowa and Wisconsin trains supports the defendant's contention that these provide intercity service and has not been contradicted by plaintiff. The Iowa trains operate over a distance of 137.1 miles from Chicago, Illinois to Clinton, Iowa, hardly a suburb of Chicago. There are only eight intermediate stops on the route, the shortest distance between two communities being 8.5 miles. Rider usage between Clinton and DeKalb, Illinois, a point about 58 miles from Chicago, is apparently infrequent. The usual equipment consists of low level coaches. In sum, many of the features of intercity service and not commuter service are present. There is no need to further analyze the merits of the Iowa train issue to find that plaintiff has not met its burden of proof here.

To send this case back to the Commission in order for them to merely repeat verbatim the six *Penn Central* guidelines, followed by an elaboration of the above-quoted paragraph, is an injudicious use of time and resources. The statutory criteria used in this case are clear. The factual evidence and documentation presented is abundant. And this court has had no problem in reviewing the application of the facts to the Commission's criteria because of an inadequacy in the findings, and finds itself in agreement with the Commission's conclusion.

As a final point of interest, though it should be stressed, one not ultimately responsible for our reasoning herein, we note that the plaintiffs, by way of a brief to the I.C.C. on October 20, 1970, were also arguing at that point in time that the CNW was an intercity, rather than a commuter train. Whether by coincidence, or otherwise, the Illinois parties suddenly reversed their position on the intercity-commuter issue when the trains herein involved were not included in the basic Amtrak system, perhaps hoping that by having the Commission

**1140**

rule that the trains were not intercity, service might be maintained through a favorable ruling under § 13a.

 The State certainly has the prerogative of a change of mind, and such a change is of course irrelevant to the legal issue of the adequacy of the Commission's findings, and should not influence the analysis of this court in resolving the issue before us. Nonetheless, the fact that the plaintiffs in this case were of the same opinion on the intercity-commuter issue as this court until it was in their best interests to argue otherwise, independently buttresses our result.

In conclusion, this panel denies the plea of plaintiffs to enjoin, annul, or suspend the orders of the Interstate Commerce Commission, Division 3, regarding Chicago and North Western Railway Company Discontinuance of Trains Nos. 1, 2, and 11 and 12 between Chicago, Ill., and Clinton, Iowa, as we do not deem the findings, decisions, or orders involved herein to be so deficient as to be in violation of the law.