CALIFORNIA STEVEDORE AND
BALLAST COMPANY, Petitioner,

v.

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMIS-
SION, Respondent.

No. 73-3103.

United States Court of Appeals,
Ninth Circuit.

May 21, 1975.

Robert E. Babcock (argued), Portland, Or., for petitioner.

Robert Greenspan, Dept. of Justice (argued), Washington, D. C., for respondent.

OPINION

Before CHAMBERS, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

California Stevedore and Ballast Company (Stevedore) unloads cargo from ships in San Francisco. An inspector cited Stevedore on two separate occasions for violation of safety regulations issued pursuant to the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq.

On the first occasion, Stevedore's employees left a hatch beam in place and unsecured while unloading through the hatch, in violation of 29 C.F.R. § 1918.-43(e). The inspector issued a citation, inadvertently labeled "non-serious," with a proposed penalty of $300. Stevedore challenged the citation. A hearing examiner refused amendment of the citation to read "serious" and reduced the penalty to $150, the amount which the Secretary's guidelines prescribed for such a non-serious violation. Stevedore petitioned the full Commission (OSHRC) for review. The OSHRC offered Stevedore no comfort; it amended the citation to show a serious violation and reinstituted the originally proposed $300 penalty.

On the other occasion, Stevedore was cited for a non-serious violation of 29 C.F.R. § 1918.41(c) in failing to provide hand rails for longshoremen working on a narrow ledge. The hearing examiner affirmed the proposed $60 penalty. The company appealed to the OSHRC which raised the penalty to $200.

Stevedore petitions for review of both citations and of the amount of the penalties assessed. We affirm.

*"Serious" violation*

The evidence indicates that the beam's becoming dislodged was not probable. Substantial evidence supported a conclusion, however, that death or serious injury would likely result if the beam should in fact fall. Section 17(k) of OSHA, 29 U.S.C. § 666(j), provides:

[A] serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists . . . in such place of employment . . . . . .

Stevedore suggests that this language requires the Secretary to prove a substantial probability that the beam could be dislodged as well as that death or serious physical harm would result. The Secretary, on the other hand, interprets the section as requiring only that any accident which should result from violation of a regulation would have a substantial probability of resulting in death or serious physical harm. The Secretary notes that, even under his interpretation, the likelihood of an accident is taken into account in determining the proper proposed penalty.

■ We concede that section 17(k) is artlessly and ambiguously drafted. Nevertheless, the Secretary's interpretation of the Act is not unreasonable and thus is entitled to a certain deference. Udall v. Tallman, 380 U.S. 1, 16–18, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

■ Congress declared its purpose "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions . . . ." OSHA § 2(b), 29 U.S.C. § 651(b). Congress clearly intended to require employers to eliminate all foreseeable and preventable hazards. National Realty & Construction Co. v. OSHRC, 160 U.S.App.D.C. 133, 489 F.2d 1257, 1265–67 (1973). The original Senate bill treated all violations as "serious." As finally enacted, however, OSHA incorporated a House proposal to leave discretionary penalties for violations "determined not to be of a serious nature." Conf.Rep. No. 91–1765, 1970 U.S.Code Cong. & Admin.News, p. 5237. Congress apparently decided that violation of some regulations might pose so little threat of harm that a penalty should not be mandatory. Where violation of a regulation renders an accident resulting in death or serious injury possible, however, even if not probable, Congress could not have intended to encourage employers to guess at the probability of an accident in deciding whether to obey the regulation. When human life or limb is at stake, any violation of a regulation is "serious." We therefore adopt the Secretary's construction of section 17(k).[1]

## Amount of Penalty

■ For both citations, the OSHRC imposed higher penalties than had been proposed by the Secretary. Congress gave the OSHRC the authority to assess penalties. OSHA § 17(j), 29 U.S.C. § 666(i). The Secretary's proposed penalty is effective only if not contested; once contested, the OSHRC can affirm the proposed penalty, modify it, vacate it, or direct other appropriate relief. The OSHRC thus determines the penalty de novo, considering the proposed penalty as, in fact, only a proposal. Brennan v. OSHRC and Interstate Glass Co., 487 F.2d 438, 441–42 (8th Cir. 1973). See 5 U.S.C. § 557(b); REA Express, Inc. v. Brennan, 495 F.2d 822 (2d Cir. 1974).

■ Stevedore argues, however, that an OSHRC regulation misled it into believing that appeal of the hearing examiner's decision could not result in higher

1. Stevedore contends that even under the Secretary's interpretation, the finding of a serious violation cannot be upheld because the Secretary produced no substantial evidence that the beam could have been dislodged by an "other than freakish or utterly implausible concurrence of circumstances." Stevedore's reliance on language quoted from National Realty & Construction Co. v. OSHRC, 160 U.S.App.D.C. 133, 489 F.2d 1257, 1265 n. 33 (1973), is misplaced. The court in that case was concerned with the evidence of the likelihood of injury necessary to establish a violation of the general duty clause, OSHA § 5(a)(1), 29 U.S.C. § 654(a)(1). Application of the general duty standard may require a showing that the possibility of harm was more than "freakish" in order to show that the hazard was "recognized." (For a suggestion that in cases involving the general duty standard, the definitions of the general duty and of seriousness of the violation may be redundant, see Andrews & Cross, Defending an Employer Against an Alleged Violation of the General Duty Clause, 9 Gonzaga L.Rev. 399, 413–14 (1974).) Here, however, the hazard need not be proved "recognized" because the Secretary had expressly prohibited the condition. OSHA § 5(a)(2), 29 U.S.C. § 654(a)(2). If the harm that the regulation was intended to prevent is death or serious physical injury, then its violation is serious per se.

penalties and thus deprived it of procedural due process. The regulation in question requires the petition for discretionary review to state concisely the petitioner's exceptions to the decision of the hearing examiner. 29 C.F.R. § 2200.-91(c). Neither party challenged the lower penalty. This rule merely prescribes the form that the petition should take. It does not narrow the plenary nature of the OSHRC's responsibility for the administration of OSHA by limiting it to consideration of issues raised by parties. In Brandt v. Hickel, 427 F.2d 53 (9th Cir. 1970), we held that an agency violated due process standards when it gave the appellant erroneous and ambiguous instructions as to her procedural rights and responsibilities in complying with agency regulations. Here, however, Stevedore purports only to have misinterpreted on its own the consequences of a regulation. Furthermore, its misinterpretation does not appear reasonable. There was no due process violation.

The Administrative Procedure Act requires the agency's decision to contain reasoned findings and conclusions. 5 U.S.C. § 557(c). The OSHRC's opinion was adequate to enable this court to exercise effective review and to assure that the agency did not act arbitrarily; it thus complied with the APA. *See* Citizens Ass'n of Georgetown, Inc. v. Zoning Comm. of District of Columbia, 155 U.S.App.D.C. 233, 477 F.2d 402, 408 (1973).

Affirmed.