MERRILL, Circuit Judge:
Petitioner Beatty Equipment Leasing, Inc. (Beatty), seeks a review of a decision of the Occupational Safety and Health Review Commission (the Commission) which upheld a citation for a nonserious violation of § 5(a)(2) of the Occupational Safety and Health Act (OSHA or the Act), 29 U.S.C. § 654(a)(2). The citation was issued for failure to comply with a scaffolding safety standard, promulgated by the Secretary of Labor under the Act. The question on this appeal is whether a materialman for a mul-ti-employer construction site is in violation of the Act when the materialman creates a hazardous condition to which its own employees are not exposed. This court has jurisdiction under 29 U.S.C. § 660(a).
The facts in this case are not in dispute. Pursuant to a contract with the general contractor, petitioner supplied and erected a tubular-welded frame scaffold on a site at which a three-story apartment building was then under construction. The scaffolding standard promulgated by the Secretary and set forth in 29 C.F.R. § 1926.451(d)(1), states that:
“Guardrails made of lumber, not less than 2X4 inches (or other material providing equivalent protection), and approximately 42 inches high, with a midrail of 1 X 6 inch lumber (or other material providing equivalent protection), and toeboards, shall be installed at all open sides and ends on all scaffolds more than 10 feet above the ground or floor.”
No midrails were installed by petitioner although much of the scaffolding was more than 10 feet above ground level. Petitioner’s employees left the construction site after the scaffolding was installed. About one week later, an OSHA inspector visited the site and observed employees of the lathing and plastering subcontractors on the substandard scaffolds. As a result of the *536 inspection, the Secretary of Labor cited Beatty for violating § 5(a)(2) of the Act and the scaffolding standard set forth above. A fine of $105 was proposed by the Secretary and the parties stipulated that such a fine is reasonable and appropriate if Beatty is determined to have been in violation of the standard.
Beatty contested the finding of a violation and, after a hearing, the citation and penalty were vacated by an Administrative Law Judge (ALJ). The ALJ concluded that the Secretary had not established a violation of 29 C.F.R. § 1926.45l(d)( 10) because, on the record, none of Beatty’s employees was exposed to the alleged hazards. The Secretary then petitioned for discretionary review by the Commission and the petition was granted. The Commission, with one member dissenting, reversed the decision of the ALJ and found that the evidence did establish that Beatty was in nonserious violation of 29 C.F.R. § 1926.451(d)(10) as charged and reassessed the $105 penalty.
In its decision, the Commission conceded that it had at one time held that an employer is not liable under OSHA where its employees are not exposed to the cited conditions. However, it noted that it had modified this rule in Grossman Steel and Aluminum Corp., No. 12775, 4 OSHC 1185 (May 12, 1976), and Anning-Johnson Co., Nos. 3694 and 4409, 4 OSHC 1194 (May 12,1976), with regard to multi-employer construction sites,[1] and stated:
“ * * * we specifically adopted the court of appeals decision in Brennan v. OSHRC (Underhill Construction Corp.), 513 F.2d 1032 (2d Cir. 1975), to the extent that it would impose liability on a subeon-tractor who creates a hazard or has control over the condition on a multi-employer construction site even though only employees of other subcontractors are exposed.”
The Commission also found that Beatty’s status as a materialman did not warrant the application of a standard different from that applied to subcontractors. It therefore concluded that the evidence did show a violation because Beatty created the hazard at the multi-employer construction site by erecting the scaffold and employees of other subcontractors were exposed to the hazard.
Beatty then filed this petition for review. It contends that the Commission acted beyond its statutory authority because petitioner was not an “employer” as the term is used in the Act because none of its employees was at the site after erecting the. scaffolding and, therefore, none was exposed to the hazard.
Section 5 of the Act states that:
(a) Each Employer-—
(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;
(2) shall comply with occupational safety and health standards promulgated under this chapter.”
29 U.S.C. § 654(a).
Petitioner was cited under subparagraph (2) of this section for violating the standard set forth in 29 C.F.R. § 1926.-451(d)(10). As the Second Circuit noted in *537 Brennan v. OSHRC (Underhill Construction Corp.), supra (hereinafter “Underhill”);
“This specific duty to comply with the Secretary’s standards is in no way limited to situations where a violation of a standard is linked to exposure of his employees to the hazard. It is a duty over and above his general duty to his own employees under § 654(a)(1).”
513 F.2d at 1038 (footnotes omitted). We agree with this interpretation of the statute. It facilitates the broad remedial purpose of the Act which Congress declared is “to assure so far as possible every working man and woman in the Nation safe and healthful working conditions.” 29 U.S.C. § 651. As this court has stated, “Congress clearly intended to require employers to eliminate all foreseeable and preventable hazards.” California Stevedore and Ballast Co. v. OSHRC, 517 F.2d 986, 988 (9th Cir. 1975). We agree with the Commission that this policy can best be effectuated by placing the responsibility for hazards on those who create them.
Contrary to petitioner’s contentions, this decision does not conflict with that of the Seventh Circuit in Anning-Johnson Co. v. United States OSHRC 516 F.2d 1081 (7th Cir. 1975).[2] In that case the court held that a subcontractor at a multi-employer construction site cannot be held liable for non-serious violations of the Secretary’s standards “to which their employees were exposed, but which the subcontractors neither created nor were responsible for pursuant to their contractual duties.” 516 F.2d at 1082 (emphasis added). In regard to § 5(a)(2) of the Act, 29 U.S.C. § 654(a)(2), the court stated:
“If anything at all can be gleaned from the words of the subsection, it is that one who is to be charged with absolute liability be realistically in a position to comply with the promulgated standards.”
We also agree with the Commission that no distinction should be drawn in this case by the fact that petitioner was labeled as a materialman rather than as a subcontractor. For all relevant purposes, petitioner functioned as a subcontractor in this case.
The Commission order is affirmed.

. In Grossman Steel, supra, and Anning-John-son, supra, the Commission was concerned with the liability of an employer who did not create a hazard but whose employees were exposed to the hazardous condition, an issue which is not presented in this case. The Commission did, however, discuss its overall policy in regard to multi-employer construction sites and noted:
“Typically a construction job will find a number of contractors and subcontractors on the worksite, whose employees mingle throughout the site while work is in progress. In this situation, a hazard created by one employer can foreseeably affect the safety of employees of other employers on the site * * *. We therefore conclude that, on a construction site, the safety of all employees can best be achieved if each employer is responsible for assuring that its own conduct does not create hazards to any employees on the site and that imposing liability on this basis would not place an unreasonable or unachievable duty on contractors.”
Grossman Steel and Aluminum Corp., supra, 4 OSHC at 1188. Accord, Anning-Johnson Co., supra, 4 OSHC at 1199.

. The opinion in Anning-Johnson noted its limited scope:
“We have only held that these petitioners are not responsible for the conditions deemed non-serious violations of the promulgated standards by the Secretary and, therefore, that the Secretary’s policy of imposing liability on them merely because their employees were exposed to conditions which they neither created, caused, nor are otherwise responsible for, does not, on balance, fulfill the purposes of the Act.”
516 F.2d at 1091.
Petitioner’s reliance on Brennan v. Gilíes and Cotting, Inc., 504 F.2d 1255 (4th Cir. 1974), is also misplaced, as the court in that case stated “ * * * we do not reach the question of whether Congress has granted the Secretary authority under § 5(a)(2) to require employers in multiple-employer industries to obey safety regulations for the protection of other employers’ workmen * * 504 F.2d at 1260.