Joanna Gozzi, Esq. Deputy County Attorney, Onondaga County
You informed us that your county clerk has received certified copies of orders from Federal Bankruptcy Court judges directing cancellation of certain judgments of record against a debtor discharged in bankruptcy proceedings. Your question is whether these orders effect a cancellation of the judgments or whether it is necessary that the judgments be discharged in accordance with the provisions of section 150 of the New York Debtor and Creditor Law. The answer to your question hinges primarily on the sweep of the Federal Bankruptcy Act, which governs in cases of conflict with state law (U.S. Constitution, Art I, § 8 [4], Art VI, § 2).
Section 150 authorizes an adjudicated bankrupt or debtor, his receiver, trustee or other interested person to apply to the court in which a judgment was rendered against him for an order directing that a discharge or a qualified discharge be marked upon the docket of the judgment (Debtor and Creditor Law, § 150[1]). If it appears upon the hearing of the application that the judgment or any lien of the judgment upon real property has been discharged in a bankruptcy proceeding, the court must order that a discharge be marked on the docket of the judgment (id., § 150 [2], [3]).
It was decided in a number of cases that it was the province of the Federal Bankruptcy Court to adjudicate a debtor as a bankrupt, while the effect of the decree upon specific debts was to be determined when the discharge in bankruptcy was pleaded as a defense to an action by a creditor upon his claim (see, e.g., Watts, et al. v Ellithorpe, 135 F.2d 1
[1st Cir, 1943]). In New York, section 150 of the Debtor and Creditor Law afforded a procedure whereby an adjudged bankrupt could have judgments canceled (section derives from L 1875, ch 52 — see Historical Note after McKinney's Debtor and Creditor Law, § 150). However, in Local Loan Co. v Hunt, 292 U.S. 234 (1934), the United States Supreme Court had previously decided that the Bankruptcy Court, as a court of equity, possessed the ancillary power to determine the effect of its adjudication of bankruptcy upon particular debts. The Court reiterated the rule that Federal courts of equity have jurisdiction of a bill ancillary to an original case or proceeding in the same court, whether in law or in equity, to secure the fruits of a judgment rendered in the case, regardless of whether there would be original jurisdiction over the ancillary bill (id., p 239). The Court held that the Bankruptcy Court possessed jurisdiction to entertain a proceeding by a person it had adjudged a bankrupt to enjoin a creditor from prosecuting an action on a debt (ibid.). The Court ruled that the exercise of this ancillary authority was discretionary and should be used only under unusual circumstances (id., p 241). After Local Loan Co. v Hunt, supra, it could no longer be denied that the Bankruptcy Court possessed jurisdiction, under limited circumstances, to determine whether the bankrupt's discharge was a bar to a provable debt (In Re Devereaux, 76 F.2d 522 [2d Cir, 1935]).
Until 1970, the primary function of the Bankruptcy Court was to determine whether the debtor was entitled to an adjudication discharging him generally from all his provable debts (Glass v Miller Kearney,577 F.2d 537 [9th Cir, 1978]). Questions of the effect of the bankruptcy decree on specific debts were left for determination by non-bankruptcy courts in actions by creditors seeking to enforce their claims (ibid.). The Bankruptcy Court could determine the effect of the decree upon particular debts only under the narrow guidelines enunciated in Local LoanCo. v Hunt, supra. In 1970, an amendment to the Bankruptcy Act (Public Law, 91-467, former section 17[c] of the Bankruptcy Act) authorized the bankrupt person or any creditor to file an application with the Bankruptcy Court for the determination of the dischargeability of any debt (Glass v Miller Kearney, supra, p 538). The sponsors of this legislation recognized that creditors were permitted to bring suit in state courts after a discharge in bankruptcy and that many did so in the hope that the debtor would not appear in the action, relying to his detriment upon the discharge (id., p 539). The purpose of the amendment was to effectuate the discharge in bankruptcy more fully by rendering it less subject to abuse by creditors (ibid.).
When the Bankruptcy Act was amended in 1978, section 17 (c), which authorized the Bankruptcy Court to determine the dischargeability of any debt, was deleted (Bankruptcy Service, Lawyers Edition, Code Commentary and Analysis, § 22:28; 11 USCA § 523, Historical and Revision Notes). It was viewed as unnecessary in light of the comprehensive grant of jurisdiction to the Bankruptcy Court by 28 U.S.C. § 1334 (b) and 1471 (b), which are adequate to cover the full jurisdiction that the Bankruptcy Courts had over dischargeability under former section 17 (c) of the Bankruptcy Act (ibid.). The current Rules of Bankruptcy Procedure authorize a bankrupt or any creditor to file a complaint with the Court to obtain a determination of the dischargeability of any debt (11 U.S.C. Rule 409).
In sum, a general discharge in bankruptcy does not automatically cancel judgments of record, without some affirmative action by the bankrupt, his trustee or others (see First Nat. Bk. of Bay Shore v Felder,69 Misc.2d 812, 816 [Dist Ct, Suffolk Co, 1972]). Section 150 of the New York Debtor and Creditor Law affords a procedure for the cancellation of these judgments (ibid.). Upon an application by a bankrupt or creditor, the Bankruptcy Court has jurisdiction to determine the dischargeability of any debt (11 U.S.C. Rule 409). An order of a Bankruptcy Court directing cancellation of certain judgments would make it unnecessary to make application under section 150 of the New York Debtor and Creditor Law.
We conclude that an order of the Bankruptcy Court directing cancellation of certain judgments of record makes it unnecessary to effect a cancellation under section 150 of the New York Debtor and Creditor Law.