767 P.2d 249

**UNIVERSITY OF UTAH HOSPITAL, and Ronald L. Heward and Pamela Heward, Plaintiffs-Appellants,**

v.

**MINIDOKA COUNTY, Clerk of Board of County Commissioners of Minidoka County and Minidoka Board of County Commissioners, Defendants-Respondents.**

No. 16102.

Supreme Court of Idaho.

March 19, 1987.

On Rehearing Jan. 18, 1989.

Dean Williams, Blackfoot, for plaintiffs-appellants.

Charles H. Creason, Jr., Rupert, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from an order of the district court dismissing plaintiffs-appellants' complaint for medical assistance benefits which had been denied by Minidoka County. We affirm.

Mrs. Heward was admitted to the University of Utah Hospital for emergency treatment on September 16, 1982, for cervical cord compression and rheumatoid arthritis. She was released on November 15, 1982, and the total bill for those medical services was $21,263.15.

No medical indigency application was filed at the time of Mrs. Heward's discharge, and the Hospital asserts that it did not feel such was necessary since the Hewards' resources at that time consisted of income from Mr. Heward's employment, some medical insurance, equity in certain real property, miscellaneous household items, and two motor vehicles. Mrs. Heward is disabled, and receives $220.00 per month in Social Security disability benefits. Mrs. Heward's former husband also owed her a substantial amount for past due child support. The Hospital pursued the claim with the insurance carrier, and was ultimately able to collect all but $9,463.84.

Although demands were made by the Hospital upon the Hewards for payment, no payments were made, and in February 1984 the Hospital was advised that the Hewards had filed a Chapter 7 bankruptcy. On February 22, 1984, the Hospital filed an application with the county commissioners for benefits under the medical indigency statute. On March 13, 1984, the Minidoka County Commissioners denied the Hospital's application on the grounds that "the application was not timely filed." The Hospital made no demand for a hearing on its application, and no hearing thereon was held. Rather, on May 16, 1984, the Hospi-

tal filed the instant action directly in the district court. The district court dismissed the Hospital's complaint on the grounds that "plaintiffs have failed to exhaust all administrative remedies available before the board of county commissioners, and therefore the plaintiffs are not entitled to judicial review pursuant to I.C. § 67–5215(a)."

Appellants assert, but respondents deny, that there was an agreement that the only issue before the court was whether the application had been timely filed. No such agreement is reflected in the record.

Appellant Hospital argues that under the provisions of I.C. § 67–5215(a) it was proper procedure to file a complaint in the district court to obtain a ruling on the issue of timely filing prior to requesting a review before the commissioners. We disagree.

A review of the decisions of county commissioners on medical indigency claims is governed by the Administrative Procedures Act pursuant to I.C. § 31–3505, which provides:

If the board of county commissioners fails to act upon an application within sixty (60) days from the receipt of said application, it shall notify the applicant in writing, or upon its failure to give notice within said time, the application shall be deemed approved, and the applicant entitled to payment as if said application had been approved.

If the application is denied, the applicant may request a hearing before the board of county commissioners. The applicant shall be entitled to judicial review of the decision of the board, in substantially the manner provided in the administrative procedures act, chapter 52, title 67, Idaho Code.

I.C. § 67–5215(a) provides:

A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency other than the industrial commission or the public utilities commission is entitled to judicial review under this act. This section does not limit utilization of or the scope of judicial review available under

other means of review, redress or relief provided by law. A preliminary procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

■ In the case at bar the county commissioners issued on March 13, 1984 its notice that the Hospital's application had been denied, and informed the Hospital of its right to a hearing if requested within 30 days, and additionally, of the right of review under the Administrative Procedures Act. The Hospital clearly failed to request a hearing before the board of county commissioners within 30 days, and thus has failed to exhaust all administrative remedies as is required pursuant to the Administrative Procedures Act.

■ The district court sits as an appellate court in medical indigency cases, and is not authorized to take evidence on behalf of, or make findings of fact for a board of county commissioners, but as is stated in I.C. § 67–5215(f) and (g):

(f) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings....

Hence, the Hospital, in failing to demand a hearing before the board of county commissioners, provided the district court and this Court no record for review. If a hearing has been held, the board of county commissioners is required to make formal findings of fact and the jurisdiction of the district court is limited to a review of a decision of the county commissioners based on formal findings.

As stated in Davis, *Administrative Law Treatise*, Vol. 3 (2d ed. 1980) at 102:

Pre-APA decisions of the Supreme Court requiring agencies to make findings are generally common law, for the Court used the Constitution in only a few cases and it seldom pretended to get its answer from the substantive statute. The Court's most frequent reason for requiring findings or findings and reasons has been to facilitate judicial review; Mr. Justice Cardozo is often quoted: "We must know what a decision means before the duty becomes ours to say whether it is right or wrong." *United States v. Chicago, M., St. P. & P.R. Co.*, 294 U.S. 499, 510–11 [55 S.Ct. 462, 467, 79 L.Ed. 1023] (1935). Mr. Justice Frankfurter explained that the requirement "is merely part of the need for courts to know what it is that the Commission has really determined in order that they may know what to review.... This is the real ground for decisions which have found Interstate Commerce Commission orders wanting in necessary findings." *City of Yonkers v. United States*, 320 U.S. 685, 694–95 [64 S.Ct. 327, 332, 88 L.Ed. 400] (1944) (dissenting opinion). The Supreme Court has written many opinions requiring findings, without any explanation of the source of the requirement; a good example is *Florida v. United States*, 282 U.S. 194 [51 S.Ct. 119, 75 L.Ed. 291] (1931), setting aside an ICC order for lack of findings, because "there should be appropriate findings upon the evidence to support an order" and because "it must appear that there are findings, supported by evidence, of the essential facts," but never saying whether the requirement came from due process, from the Interstate Commerce Act, or from the common law. 282 U.S. at 212 [51 S.Ct. at 124]. The Court can, does, and should make such common law. The motivating reason usually is that a reviewing court cannot understand the agency's action unless findings and reasons are stated; an additional reason that alone should suffice to support the requirement is that a statement of findings and reasons is usually an effective protection against arbitrari-

ness. Davis, ADMINISTRATIVE LAW TREATISE, Vol. 3 (2d ed. 1980), p. 102.

Another commentator has stated:

The Administrative Procedure Act requires that all decisions arrived at after formal hearings on the record must include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record" [citing 5 U.S.C. § 557(c)(3)(A) ]. The purposes of this provision ... are to prevent arbitrary agency decisions, give the parties an explanation for the agency's decision, and help to settle the law for future cases. More importantly, the statute provides a basis for effective judicial review by requiring intelligible reasons for the agency action and removing the need for speculation on the [reviewing] court's part. 5 Mezines, Stein, Gruff, ADMINISTRATIVE LAW § 39.05 (1985).

Accord *Matlovich v. Secretary of the Air Force*, 591 F.2d 852 (D.C.Cir.1978); *California Stevedore & Ballast Co. v. OSHRC*, 517 F.2d 986 (9th Cir.1975); *People of Illinois v. United States*, 371 F.Supp. 1136 (N.D.Ill.1973).

The order of the district court dismissing plaintiffs-appellants' complaint is affirmed.

Costs and attorney fees on appeal to respondents.

DONALDSON, BAKES, BISTLINE and HUNTLEY, JJ., concur.

## ON REHEARING

A petition for rehearing in this matter was filed and granted, and the case was reargued. A majority of the Court continues to adhere to the previous decision.

BAKES, J., and McQUADE, J. Pro Tem., concur.

BAKES, Justice, concurring specially:

I concur in the opinion of Chief Justice Shepard that the complaint filed by the University of Utah Hospital in the district court must be dismissed for failure to exhaust administrative remedies. As our

original opinion points out, I.C. § 67–5215(a) provides judicial review only for "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case...." I.C. § 31–3505 provides that after an application has been filed with a board of county commissioners, "if the application is denied, the applicant may request a hearing before the board of county commissioners." Here the hospital did not request such a hearing and therefore "has [not] exhausted all administrative remedies available within the agency."

That does not necessarily mean that the hospital is without a remedy in this case. I.C. § 31–3505 does not appear to put any deadline upon an applicant's request for a hearing after his application has originally been denied by the board of county commissioners. Even though the notice of denial sent by the county states that "you may request a hearing before the Minidoka County Board of Commissioners within thirty days," that limitation does not appear in I.C. § 31–3505, the section which establishes the time deadlines for filing applications and requesting hearings.[1] The question of whether or not there is a statutory time deadline for requesting a hearing before the board of county commissioners was not an issue in this case and has not been briefed or argued by the parties. If, after our affirmance of the district court's dismissal of the appellants' complaint becomes final, and the appellant hospital chooses to file a request for hearing with the Board of County Commissioners of Minidoka County, that issue will then be ripe for decision.

BISTLINE, J., and McQUADE, J. Pro Tem., concur.

BISTLINE, Justice, concurring specially.

My vote is to concur solely in the opinion authored by Justice Bakes, thus supplying the third vote for the special concurrence and thereby elevating it to a majority view.

HUNTLEY, Justice, concurring specially.

I concur in the separate opinion of Justice Bakes. Additionally, I would conceptualize the appeal to the district court herein as having been an interlocutory one on procedural matters. The parties are now entitled to their hearing on the merits before the county commission.

---

1. There is a 30–day filing deadline in I.C. § 67–5215(b) of the Administrative Procedures Act for filing a petition for judicial review in the district court after a "final decision" of the administrative agency. However, that applies to the filing of a petition for review in the district

court, not a request for hearing before the board of county commissioners. Furthermore, there has been no such "final decision" in this case, and therefore that subsection is not even applicable.