816 P.2d 995

**ST. ALPHONSUS REGIONAL MEDICAL CENTER, LTD., Dr. John Havlina, Dr. George B. Pfoertner, and Dr. Keith Taylor, Petitioners–Appellants,**

v.

**CANYON COUNTY, Idaho, and its County Board of Commissioners, Respondents.**

No. 18004.

Court of Appeals of Idaho.

July 9, 1990.

Petition for Review Granted Nov. 29, 1990.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for petitioners-appellants. Glenna M. Christensen, argued.

Richard L. Harris, Pros. Atty., and Charles L. Saari (argued), Deputy Pros. Atty., Caldwell, for respondents.

Before WALTERS, C.J., BURNETT, J., and BAIL, J. Pro Tem.

PER CURIAM.

This case arises from the denial of a medical indigency claim by the Canyon County board of commissioners. The issue raised on appeal is whether the county correctly determined that the claim was untimely. For reasons discussed below, we reverse and remand for further proceedings.

In July of 1986, Joseph Schoenfelder was injured in a motorcycle accident and was admitted to a Boise hospital, St. Alphonsus Regional Medical Center, as an emergency patient. Because Schoenfelder could not pay the bill for his medical treatment, his mother filed an application on his behalf with Canyon County pursuant to Idaho's medical indigency statutes. Mrs. Schoenfelder later told the county that worker's compensation might be available to cover her son's medical expenses. On that basis, the board of county commissioners, in September, 1986, denied Schoenfelder's application. Schoenfelder did not appeal this decision but pursued an application for worker's compensation. In August, 1987, the Industrial Commission denied the worker's compensation claim, and the hospital was so informed.

The hospital then filed its own application on Schoenfelder's behalf, seeking payment from Canyon County for Schoenfelder's treatment. In November, 1987, the county denied this application as being untimely by more than a year. The county relied upon I.C. § 31–3504, interpreting it as requiring the hospital to file its application within forty-five days of Schoenfelder's admission for treatment. Contesting this denial, the hospital sought and received a hearing before the county commissioners, after which the county again determined that the hospital's application was untimely. The hospital then appealed the county's decision to the district court,

which upheld the county. This appeal followed.

The dispositive issue on appeal is whether the county correctly determined, under I.C. § 31–3504, that the hospital's application was untimely. Decisions of county commissioners on medical indigency claims are reviewed under the Administrative Procedures Act. *University of Utah Hospital v. Minidoka County,* 115 Idaho 406, 767 P.2d 249 (1989). The district court sits as an appellate court, conducting a review that is confined to the record. I.C. § 67–5215(f). When the district court acts in its appellate capacity, we review the record independently of, albeit with due regard for, the district court's decision. *Madsen v. Department of Health and Welfare,* 114 Idaho 182, 755 P.2d 479 (Ct. App.1988) (review denied). The issue before us—construction of a statute—is an issue of law over which we exercise free review. *Idaho Fair Share v. Idaho Public Utilities Comm'n,* 113 Idaho 959, 961–62, 751 P.2d 107, 109–10 (1988).

Our analysis begins with the language of the statute. Idaho Code § 31–3504 provides that an application on behalf of a medically indigent person must be filed within one of two alternative deadlines. The first deadline falls forty-five days after the patient is admitted. However, the statute further provides:

> If a person *becomes* medically indigent subsequent to admission to a hospital ... an application for the person, or on his behalf ... shall be made within thirty (30) days of the time the person becomes medically indigent. The chargeable county or counties shall be notified as soon as practicable upon the hospital's obtaining information disclosing that a patient is medically indigent. (Emphasis added.)

Thus, under the second deadline, an application can be timely if filed within thirty days after an admitted patient "becomes" indigent.

In the case before us, the county denied the hospital's application because it believed that any application on behalf of Schoenfelder should have been filed within forty-five days of his admission. This belief was in error. As our Supreme Court has stated, "It is readily apparent that the timeliness of an application is dependent upon the time at which a patient of a hospital ... becomes medically indigent." *University of Utah Hospital v. Board of County Commissioners of Gem County,* 116 Idaho 434, 436, 776 P.2d 443, 445 (1989). Here, the county determined in 1986 that Schoenfelder was *not* medically indigent because the pending worker's compensation claim meant that "other resources might be available for payment." The hospital therefore waited on its application until there had been an ultimate resolution of Schoenfelder's attempt to obtain worker's compensation coverage. When the worker's compensation coverage was denied, Schoenfelder *became* medically indigent.

The county nonetheless urges that the hospital's application was untimely for two additional reasons—first, because there was no appeal from the denial of Schoenfelder's original application, and second, because the hospital should have filed its own application during Schoenfelder's stay at the hospital. We are not persuaded by either argument. The statute provides that applications can be made "on behalf" of medically indigent persons. I.C. § 31–3504. Here, there is a clear nexus between the application filed by Schoenfelder's mother on his behalf, and the later application by the hospital. In addition, Schoenfelder's failure to appeal from the original denial is unimportant because any appeal at that point would have been futile. While the claim for worker's compensation coverage was still pending, it remained a possible resource for payment of Schoenfelder's medical bill.

We therefore agree with the county's first determination that Schoenfelder was not medically indigent in 1986 because there was the possibility of other available resources—namely, the worker's compensation claim. Upon the final denial of that claim, which did not occur until August of 1987, Schoenfelder became medically indigent. Within thirty days after discovering

that Schoenfelder's worker's compensation claim had been denied, the hospital filed its application with the county. The hospital has a duty to use diligence in investigating indigency. That duty encompasses a standard of reasonableness. *See University of Utah Hospital v. Board of County Commissioners of Twin Falls County,* 113 Idaho 441, 745 P.2d 1062 (Ct.App.1987). We believe the hospital's actions, including its reliance on the county's stated reason for its denial of Schoenfelder's 1986 claim, and the hospital's prompt action upon learning that coverage under worker's compensation had been denied, met this standard of diligence. Therefore, the hospital's application was timely.

The decision of the district court is reversed. The case is remanded to the district court, and further remanded to the Canyon County board of commissioners, for proceedings consistent with this opinion.

Costs to appellants. No attorney fees on appeal.