985 F.2d 577
 15 O.S.H. Cas. (BNA) 2070, 1993 O.S.H.D. (CCH)
P 29,939
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES DEPARTMENT OF LABOR, Petitioner,
v.
KERR-MCGEE CHEMICAL CORPORATION; Occupational Safety &
Health Review Commission, Respondents.
 No. 90-70673.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Jan. 21, 1993.
 
 Petition to Review a Decision of the Occupational Safety & Health Review Commission, No. 88-2590.
 O.S.H.R.C.
 REVERSED AND REMANDED.
 
 
 1
 Before O'SCANNLAIN and RYMER, Circuit Judges, and VAN SICKLE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Department of Labor appeals from an Occupational Safety & Health Review Commission order changing a citation against Kerr-McGee Chemical Corporation from "willful" under 29 U.S.C. § 666(a) (1985) to "not serious" under 29 U.S.C. § 666(c) (1985). We have jurisdiction under 29 U.S.C. § 660(b) (1985), and we reverse and remand.
 
 
 4
 * The administrative law judge made extensive findings and
 
 
 5
 conclusions, among them that Kerr-McGee's violation was not
 
 
 6
 "willful" under 29 U.S.C. § 666
 
 
 7
 (a) (1985) because the "record was devoid of evidence that
 
 
 8
 Kerr-McGee had actual knowledge" that the pellitizer was not
 
 
 9
 guarded. However, the parties entered into an oral
 
 
 10
 stipulation that the "company knew that the thing
 
 
 11
 [pellitizer number 1] was unguarded." Stipulations made by
 
 
 12
 the parties are binding absent exceptional circumstances. Vallejos v. C.E. Glass Co., 583 F.2d 507, 510-11
 
 
 13
 (10th Cir.1978); see also American Title Insurance Co. v. Lacelaw Corp., 861 F.2d 224, 226
 
 
 14
 (9th Cir.1988) (stipulations and judicial admissions are
 
 
 15
 binding on the parties before the trial court and on
 
 
 16
 appeal). Since the record discloses no exceptional
 
 
 17
 circumstances, the stipulation is binding. Because the
 
 
 18
 stipulation concedes Kerr-McGee's knowledge, and we cannot
 
 
 19
 tell from the ALJ's decision and order whether the
 
 
 20
 stipulation was considered or what weight he may have
 
 
 21
 attributed to it, we cannot say that his findings--which
 
 
 22
 depend on the absence of any knowledge--are supported by
 
 
 23
 substantial evidence.
 
 
 24
 By the same token, we decline the government's invitation to
 
 
 25
 hold as a matter of law that the citation was willful
 
 
 26
 because Kerr-McGee knew the pellitizer was not guarded. It
 
 
 27
 is well established that mere knowledge of a violation is
 
 
 28
 insufficient to support a finding of willfulness; it must
 
 
 29
 also be shown that the employer voluntarily violated the
 
 
 30
 regulation, with either intentional disregard or plain
 
 
 31
 indifference to OSHA requirements. National Steel and Shipbuilding Co. v. OSHRC, 607 F.2d 311, 313-16
 
 
 32
 (9th Cir.1979). Thus, we leave it to the Commission on
 
 
 33
 remand to consider whether its conclusion remains valid in
 
 
 34
 light of the stipulation with respect to Kerr-McGee's knowledge.
 
 II
 
 35
 While the ALJ appeared to adopt the correct legal standard for determining whether a violation is "serious," that is, a substantial likelihood of serious injury in the event of an accident, 29 U.S.C. § 266(k) (1988), his findings that Kerr-McGee's violation was not "serious" since the accident was "bizarre and unforeseeable" and because the missing guard on the pellitizer did not create a "likelihood of serious harm" suggest that he may have believed the requirement of "substantial probability that death or serious bodily harm could result" pertains to the accident rather than to the risk of serious injury or death. We have held, however, that so long as "violation of a regulation renders an accident resulting in death or serious injury possible ... even if not probable," no further inquiry is appropriate into the likelihood of the accident. California Stevedore, 517 F.2d at 988; see also Phelps Dodge Corp. v. OSHRC, 725 F.2d 1237, 1240 (9th Cir.1984) (regulations intended to prevent death or serious injury are serious per se). Rather, assuming the possibility of an accident resulting in death or serious injury, the inquiry is directed to the probability that death or serious physical harm would result should an accident occur. California Stevedore, 517 F.2d at 988. Because the ALJ appears to have made findings having to do with the probability of the accident occurring, whereas his focus should be on the possibility of the accident occurring and on the probability of the injury which could result from an accident if an accident were to occur, we cannot be sure that the ALJ's decision was according to law.
 
 
 36
 We therefore remand for the Commission to reconsider the record in light of the stipulation about Kerr-McGee's knowledge, and the legal standard for a "serious" violation set out in California Stevedore.
 
 
 37
 REVERSED AND REMANDED.
 
 
 38
 O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:
 
 
 39
 I agree with the analysis in Part I of the majority memorandum disposition, and concur therein. However, I do not agree that it is unclear whether the administrative law judge ("ALJ") acted "according to law" in finding that Kerr-McGee's violation was not serious, and therefore I respectfully dissent from the majority's contrary conclusion in Part II.
 
 
 40
 The ALJ stated that "[t]o establish a serious violation, the Secretary must show there is a substantial likelihood of serious injury in the event of an accident." ALJ's Decision at 4. This is precisely the standard approved by this court in prior cases under 29 U.S.C. § 266(k). See California Stevedore & Ballast Co. v. OSHRC, 517 F.2d 986 (9th Cir.1975) (per curiam) (holding that this section requires "that any accident which should result from violation of a regulation would have a substantial probability of resulting in death or serious physical harm").
 
 
 41
 The majority acknowledges at page 3 that the ALJ articulated the correct legal standard, but concludes that he may not have applied that standard properly. Examining the ALJ's decision, I see no basis for doubt on this score.
 
 
 42
 The ALJ had before him the testimony of Kerr-McGee's expert, Dr. David Thompson, who concluded that "the worst injury that could occur" from coming into contact with the unguarded couplings of the pelletizer "would be a slight laceration or bruise." ALJ's Decision at 7. The Secretary's expert, Charles Cox, testified that the injury sustained by coming into "inadvertent contact" with the couplings "would be at least abrasions or lacerations, but the most probable injuries would be broken bones." Id. at 9. The ALJ considered this testimony and decided, as he was fully entitled to do, that "more weight" should be given the conclusions reached by Dr. Thompson, based on his greater qualifications and experience, and his first-hand examination of the scene of the accident. Id. at 10-11.
 
 
 43
 The ALJ made it clear that it was Dr. Thompson's "conclusion on the issue of likelihood of serious injury" on which he based his determination "that the Secretary has failed to meet her burden of proving likelihood of serious harm." Id. at 11. I see nothing in any of this to suggest that the ALJ labored under any misapprehension as to what it was he was required to decide, nor any ambiguity as to what he did decide.
 
 
 44
 I believe there is no need to remand this case for further consideration of whether the ALJ properly deemed Kerr-McGee's violation nonserious. The ALJ concluded that death or serious injury was not a substantially likely result of Kerr-McGee's failure to put the required guards on the pelletizer. That finding is one we are bound to respect "if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 660(a); National Steel and Shipbuilding Co. v. OSHRC, 607 F.2d 311, 316 (9th Cir.1979). Dr. Thompson's testimony is more than enough evidence to meet this threshold.
 
 
 45
 I would affirm the finding of a nonserious violation.
 
 
 
 *
 Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3