767 P.2d 252

**UNIVERSITY OF UTAH HOSPITAL and Jesus Villagomez, Plaintiffs-Appellants,**

v.

**MINIDOKA COUNTY, Clerk of Board of County Commissioners of Minidoka County and Minidoka Board of County Commissioners, Defendants-Respondents.**

No. 16101.

Supreme Court of Idaho.

March 19, 1987.

On Rehearing Jan. 18, 1989.

---

1. There is a 30–day filing deadline in I.C. § 67–5215(b) of the Administrative Procedures Act for filing a petition for judicial review in the district court after a "final decision" of the administrative agency. However, that applies to the filing of a petition for review in the district

court, not a request for hearing before the board of county commissioners. Furthermore, there has been no such "final decision" in this case, and therefore that subsection is not even applicable.

Dean Williams, Blackfoot, for plaintiffs-appellants.

Charles H. Creason, Jr., Rupert, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from an order of the district court dismissing the complaint of plaintiffs-appellants against Minidoka County, which denied medical indigency benefits to the appellants. We affirm.

The facts in this case, although more complex, are substantially similar to those set forth in *University of Utah Hospital, et al. v. Clerk of Minidoka County, et al.*, 115 Idaho 406, 767 P.2d 249.

Villagomez was seriously injured in an accident and admitted to Cassia Memorial Hospital. On May 10, 1983, an application for medical indigency assistance was filed by Cassia Memorial Hospital, and after a hearing thereon that application was denied. No rehearing thereof was requested, nor was any appeal filed from that denial.

Villagomez sustained infection in skin grafting ánd was admitted to the burn center at the University of Utah Hospital on September 21, 1983. At that time the Hospital filed a notice of admission and an application for medical indigency assistance, which documents were received by Minidoka County on November 16, 1983.

The application requested $29,081.61 for services rendered. That application was denied on several grounds, and the appellants failed to request any hearing thereon.

Thereafter Villagomez was readmitted to the Hospital on November 11, 1983, and another application for medical indigency benefits was submitted to Minidoka County on November 14, 1983, totaling $10,723.25.

The Hospital sought no hearing before the board of county commissioners on that supplemental application, but rather filed this action on March 2, 1984, seeking the amount of $29,081.61, *i.e.*, the amount for services rendered in the first admission of Villagomez beginning September 21, 1983.

Following a hearing held thereon, the district court, on December 19, 1984, dismissed the Hospital's complaint on the basis that "[P]laintiffs' have failed to exhaust all administrative remedies available before the Board of County Commissioners, and therefore the plaintiffs are not entitled to judicial review pursuant to Idaho Code § 67–5215(a)."

We affirm the order of the district court dismissing plaintiffs-appellants' complaint on the same basis as we affirmed the like action in *University of Utah Hospital, et al. v. Minidoka County, et al.*, 115 Idaho 406, 767 P.2d 249. In the absence of a hearing before the board of county commissioners, no record can be made, no findings of fact can be entered, and no record can be made upon which a district court can conduct its review under the statutes.

The decision of the district court is affirmed; costs and attorney fees on appeal to respondents.

DONALDSON, BAKES, BISTLINE and HUNTLEY, JJ., concur.

ON REHEARING

A petition for rehearing in this matter was filed and granted, and the case was reargued. A majority of the Court continues to adhere to the previous decision.

BAKES, J., and McQUADE, J. Pro Tem., concur.

BAKES, Justice, concurring specially:

I concur in the opinion of Chief Justice Shepard that the complaint filed by the University of Utah Hospital in the district court must be dismissed for failure to exhaust administrative remedies. As our original opinion points out, I.C. § 67–5215(a) provides judicial review only for "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case...." I.C. § 31–3505 provides that after an application has been filed with a board of county commissioners, "if the application is denied, the applicant may request a hearing before the board of county commissioners." Here the hospital did not request such a hearing and therefore "has [not] exhausted all administrative remedies available within the agency."

That does not necessarily mean that the hospital is without a remedy in this case. I.C. § 31–3505 does not appear to put any deadline upon an applicant's request for a hearing after his application has originally been denied by the board of county commissioners. Even though the notice of denial sent by the county states that "you may request a hearing before the Minidoka County Board of Commissioners within thirty days," that limitation does not appear in I.C. § 31–3505, the section which establishes the time deadlines for filing applications and requesting hearings.[1] The question of whether or not there is a statutory time deadline for requesting a hearing before the board of county commissioners was not an issue in this case and has not been briefed or argued by the parties. If, after our affirmance of the district court's dismissal of the appellants' complaint becomes final, and the appellant hospital chooses to file a request for hearing with the Board of County Commissioners of Mi-

nidoka County, that issue will then be ripe for decision.

BISTLINE, J., and McQUADE, J. Pro Tem., concur.

BISTLINE, Justice, concurring specially.

My vote is to concur solely in the opinion authored by Justice Bakes, thus supplying the third vote for the special concurrence and thereby elevating it to a majority view.

HUNTLEY, Justice, concurring specially.

I concur in the separate opinion of Justice Bakes. Additionally, I would conceptualize the appeal to the district court herein as having been an interlocutory one on procedural matters. The parties are now entitled to their hearing on the merits before the county commission.